A93A1870. MEREDITH v. THE STATE.
(438 SE2d 644)

BIRDSONG, Presiding Judge.

Appellant James Meredith was convicted of aggravated assault and possession of a firearm by a convicted felon. The evidence shows appellant shot Matthew Thompson while Thompson was engaged in a fistfight with appellant's friend, Joe Armstrong. Although the victim tried to back away from the fistfight, appellant pulled out his gun from a distance of about 70 or 80 feet and, although another person tried to dissuade him, appellant said, "No, I'm going to get him, I'm going to get him this time." Appellant then ran forward and shot twice, hitting Thompson in the leg on the second shot. Appellant claimed he was acting in defense of his friend Armstrong because Thompson had a knife, and appellant and his daughter testified that Thompson had a knife. A deputy testified that after the shooting he searched for a knife but did not find one. In the deputy's opinion, based on appellant's description of where Thompson threw the knife in relation to where he lay after being shot, it was impossible for Thompson to have had a knife. An employee of appellant testified he found a knife and turned it over to appellant, but appellant did not turn it over to the State. Appellant enumerates five errors on appeal. *Held*:

1. Appellant contends that even without a motion by trial counsel, the trial court was required by law to bifurcate the trial of aggravated assault from the trial of possession of a firearm by a convicted felon, under *Head v. State*, 253 Ga. 429 (322 SE2d 228). However, *Head* did not announce such a rule. In *Head*, the trial court's failure to sever the counts upon a motion was found error because the incriminating evidence, though sufficient to uphold the conviction, was only the uncorroborated testimony of one witness; so, the evidence of three prior convictions for similar offenses in that case might easily be seen by a jury as bolstering the only incriminating witness' testimony, when in fact they had nothing to do with any element of the robbery charge. That is not the case here. The evidence against appellant as to aggravated assault was not the uncorroborated testimony of one witness but was based on overwhelming evidence.

On the same day that it decided *Head*, the Supreme Court in *Stone v. State*, 253 Ga. 433 (3) (321 SE2d 723) held that as the evidence of murder was overwhelming, a refusal to sever for trial the two counts of an indictment was not harmful error, for proof of a prior conviction to establish that defendant's status as a convicted felon did not place his character in issue to such an extent as to affect the verdict on the murder count. We find a similar situation here. The failure to sever the count for possession of a firearm by a convicted felon probably did not affect the verdict in this case. Id.; *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515); *Johnson v. State*, 238 Ga. 59 (230 SE2d 869).

2. Appellant contends the trial court erred in admitting evidence of similar transactions concerning prior acts of violence by appellant. See *Ramirez v. State*, 205 Ga. App. 217 (422 SE2d 3). This is not an accurate statement of the procedural facts. The State did not introduce the certified evidence of appellant's prior conviction to prove a similar transaction, but to prove his status as a convicted felon for proof under the second count of the indictment. The trial court specifically limited the jury's consideration of that evidence to proof of that status and forbade the jury to consider the prior conviction as evidence of a similar transaction.

Appellant contends the prosecutor converted the prior conviction evidence into evidence of a similar transaction by saying in closing argument that appellant had a history of taking care of things with a gun, had been in trouble with the law before and had already shot one man in Mississippi. However, these statements were within the evidence and all reasonable inferences therefrom. Assuming that the jury concluded that appellant's felony crime was "similar" to the shooting in this case so as to serve as corroborating evidence, nevertheless, this probably did not affect the verdict because the evidence of guilt as to this shooting was overwhelming. See *Johnson*, supra. Moreover, the

statements in closing argument did not convert the proof of a prior conviction into "similar transaction evidence" so as to invalidate the conviction merely because a hearing of similarity was held within the meaning of Superior Court Rule 31.1.

Further, no objection was made to the argument. A party cannot ignore at trial what may be an injustice, take a chance on a favorable verdict and complain later; he must object at the time the alleged error is made so the trial court can correct it. See *Spivey v. State*, 253 Ga. 187, 191 (319 SE2d 420).

3. The trial court did not err in permitting the victim and prosecuting law enforcement officer to remain in the courtroom despite invocation of sequestration. This is a matter within the trial court's discretion, and no abuse of that discretion is shown. *Jefferson v. State*, 159 Ga. App. 740 (285 SE2d 213). Further, appellant has not suggested how he was harmed by these persons' presence in the courtroom. An appellant must show error which has hurt him. We are not expounders of theoretical law, but administer practical law, and correct only such errors as have practically wronged the defendant. *Stamey v. State*, 194 Ga. App. 305, 309 (390 SE2d 409).

4. We have examined appellant's claim of prosecutorial misconduct based on statements in the prosecutor's closing argument allegedly implying that defense trial counsel coached witnesses to lie and hide evidence. We do not find the prosecutor's statements arose to the level of implying such, and we find no incident or remark arising to the level of prosecutorial misconduct. A charge of prosecutorial misconduct is a serious charge and is not to be lightly made; having raised it, appellant has the duty to prove it by the record and by legal authority. Appellant cites one federal case but has cited no Georgia law on the issue of prosecutorial misconduct. Although technically appellant may not have abandoned this enumeration under Court of Appeals Rule 15 (c) (2), he has not borne his burden to show error affirmatively and to persuade us that such error demands a reversal of the conviction. See *Mapp v. State*, 204 Ga. App. 647, 648 (420 SE2d 615).

5. Appellant's allegations of ineffective assistance of trial counsel are without merit. To prevail on such a charge, a criminal defendant must show that trial counsel was deficient and that the deficiency created a reasonable probability of a different result in the verdict. *Jowers v. State*, 260 Ga. 459 (396 SE2d 891). He has shown no such reasonable probability of a different verdict. Moreover, it is not true that trial counsel failed to investigate the case to prove the victim's blood/alcohol content, for that evidence was fully presented to the jury and explored by trial counsel on examination. Although appellant complains that the criminal records of a witness should have been admitted, he does not suggest what they would have disclosed,

so we cannot determine whether the failure to introduce them was harmful.

As to trial counsel's failure to object to any error enumerated above, we have found no reversible error so it cannot be said there would have been a different verdict, as required to be shown by *Jowers*.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 10, 1993 —
RECONSIDERATION DENIED DECEMBER 2, 1993 —

*Conger & Fryer, Paul Fryer*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.

