## A95A2408. HAWKINS v. THE STATE.
(465 SE2d 527)

BLACKBURN, Judge.

Dennis E. Hawkins appeals his conviction for one count each of theft by taking, entering an automobile and burglary.

On November 14, 1994, Hawkins jumped a fence surrounding AAA Concrete Company (company). He took a five-gallon bucket from the back of a pickup truck that was parked within the compound, broke into the pickup and filled the bucket with tools and other items found inside. He also took a battery from the truck. A witness who lived near the company heard a noise coming from inside the compound and saw Hawkins fumbling with the car battery as he attempted to climb back over the fence. She also testified that Hawkins was carrying a bucket as he left the company's property. The witness confronted Hawkins after he got over the fence and he requested that she remain silent and not get him into trouble. The witness contacted the police who apprehended Hawkins about five to ten minutes later. At that time he was carrying a bucket that contained tools and various other items. The witness then identified Hawkins as the man she had seen earlier inside the compound. At trial, the plant manager testified that a battery, bucket, tools and other items were missing from the pickup. The manager also testified that his office door had been forced open and that a telephone was missing from inside. A tire tool used to pry the door open was found lying on the floor inside the office. At the time of Hawkins' arrest, no telephone was found in his possession. However, the witness who saw Hawkins in the company compound on the night of the theft noticed a telephone among items in the bucket that Hawkins was carrying. While Hawkins admitted to the charges of theft by taking and entering an automobile, he denied burglarizing the company's office.

1. In his first enumeration, Hawkins asserts that the evidence was insufficient to support his conviction for burglary of the company office. A person commits a burglary when he enters a building belonging to another without authority and with intent to commit a felony or theft therein. OCGA § 16-7-1. Viewing the evidence in the light most favorable to the verdict, the company's office was broken into sometime on the day that Hawkins, without permission, climbed the fence surrounding the company. According to the plant manager, the item used to pry the office door open was a tire tool that had previously been located in the pickup truck parked within the company compound. By Hawkins' own admission, he broke into the pickup truck and took several tools shortly after entering the compound. The only item taken from the office was a telephone and the eyewitness testified that Hawkins had a telephone in his possession at the time he left the compound. We find this evidence sufficient to support Hawkins' burglary conviction. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hawkins asserts that the trial court erred in permitting a conviction to stand for both theft by taking and entering an automobile, reasoning that these two offenses should have merged. See OCGA

§ 16-8-18. Hawkins completed the offense concerning the automobile at the time he entered the pickup truck with the intent of taking the items stored inside it. See *Heflin v. State*, 183 Ga. App. 149 (358 SE2d 298) (1987). In addition to intent, theft by taking requires the actual appropriation of goods. Because different elements must be demonstrated to find Hawkins guilty of both these offenses, as a matter of both law and fact, they do not merge. See *Harvey v. State*, 233 Ga. 41, 42-43 (209 SE2d 587) (1974).

3. Hawkins asserts that due to prosecutorial misconduct aimed at buttressing the burglary count, he is entitled to a retrial or, in the alternative, that his conviction should be reversed with no possibility of retrial. "A charge of prosecutorial misconduct is a serious charge and is not to be lightly made; having raised it, appellant has the duty to prove it by the record and by legal authority." *Meredith v. State*, 211 Ga. App. 213, 215 (438 SE2d 644) (1993). In support of his charge of misconduct, Hawkins first asserts that when soliciting testimony from the eyewitness, the State misrepresented a key fact regarding whether a telephone was in Hawkins' possession at the time he left the company's property. However, Hawkins points to no record reference supporting what information was allegedly known to and misrepresented by the State at the time it questioned the eyewitness. Hawkins also asserts that the State overreached in attempting to lead the plant manager to testify that certain items found in Hawkins' possession may have been taken from the company office as opposed to the pickup truck; however, the record reflects that the court sustained Hawkins' objection to the leading question and that the plant manager eventually testified that the telephone was the only thing he could determine was taken from his office.

Hawkins last points to a particular exchange that occurred when the State cross-examined Hawkins as evidence of prosecutorial misconduct. Specifically, the State questioned Hawkins as to whether he was aware that burglary was considered a more serious offense than the other two crimes for which he was indicted. Upon objection, the State argued that it was attempting to demonstrate Hawkins' motive in admitting to unlawfully entering the pickup truck and stealing the tools while denying involvement in the burglary. When the trial court sustained the defense counsel's objection, the State attempted to rephrase in a way that would comply with the trial court's pronouncement, but the defense counsel's objection to that question was also sustained. The State then ceased this line of questioning altogether. We agree with the trial court that this exchange did not rise to the level of prosecutorial misconduct. As Hawkins has failed to fulfill his burden outlined in *Meredith*, supra, we deem all his enumerations based on prosecutorial misconduct to be without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 15, 1995.

*David E. Slemons,* for appellant.
*Britt R. Priddy, District Attorney, Sadhana Pandey, Assistant District Attorney,* for appellee.