## A96A0115. DANIELS v. THE STATE.
### (471 SE2d 560)

McMurray, Presiding Judge.

Defendant was indicted for trafficking in cocaine in violation of the Georgia Controlled Substances Act and possession of a firearm during the commission of a felony. The evidence adduced at a jury trial reveals that law enforcement officers executed a search warrant at defendant's home on April 14, 1993, and found a gun "in one of the bedrooms under a couch . . ." and "ten ounces of rock cocaine [in] the attic." While at the scene of the search, defendant informed one of the law enforcement officers "that the drugs were his."

Defendant was found guilty of trafficking in cocaine and not guilty of possession of a firearm during the commission of a felony. This appeal followed the denial of defendant's motion for new trial. *Held*:

Defendant challenges the sufficiency of the evidence, arguing that the mere presence of contraband in the attic of the house where he resided is not sufficient to support his conviction for trafficking in cocaine because there is proof that persons other than himself had equal opportunity to commit the crime.

It is true that "[m]erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. *Harper v. State*, 85 Ga. App. 252 (69 SE2d 102); *Summerville v. State*, 66 Ga. App. 61 (17 SE2d 82); *Savage v. State*, 28 Ga. App. 543 (112 SE 523); *Toney v. State*, 30 Ga. App. 61 (116 SE 550)." *Gee v. State*, 121 Ga. App. 41, 42 (1) (172 SE2d 480). In the case sub judice, however, there is more. One of the searching law enforcement officers testified that defendant admitted "that the drugs were his." This evidence, and proof regarding the quality and quantity of cocaine found in defendant's home, is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of trafficking in cocaine in violation of OCGA § 16-13-31 (a) (1). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See *Harvey v. State*, 212 Ga. App. 632, 634 (2) (442 SE2d 478).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 21, 1996.

*Mark T. Phillips*, for appellant.
*Britt R. Priddy, District Attorney, Jennifer Kolman, Assistant District Attorney*, for appellee.