A96A2318. IN THE INTEREST OF D. L. S., a child.
(482 SE2d 418)

SMITH, Judge.

D. L. S., a minor age 15, was charged with delinquency for acts which, if committed by an adult, would have violated the Georgia Controlled Substances Act, OCGA § 16-13-30, by possessing marijuana and cocaine, and OCGA § 16-10-24, obstructing a law enforcement officer. D. L. S. admitted possessing marijuana but denied the other two charges. After a hearing in juvenile court, he was adjudicated delinquent on those charges, and he appeals.

1. D. L. S. raises the general grounds. The evidence introduced at the hearing showed that Deputies Scott Whitwell and Mark Stewart of the Butts County Sheriff's Department drove their patrol car to the front of a coin laundry in response to complaints of drug sales in the vicinity. A small group of people was standing outside; D. L. S. was standing about three or four feet away from the group. When the officers approached, D. L. S. removed something from his left pocket, tossed it into a drink vending machine, and "took off running." Stewart called for D. L. S. to "halt," and D. L. S. fled but abruptly stopped about 25 feet away. Stewart grabbed D. L. S.'s shoulder, but he freed it and pulled away. He was then reapprehended.

After retrieving the bag of marijuana that had been thrown into the drink machine, Whitwell took D. L. S. to juvenile hall. While checking D. L. S.'s person, Whitwell discovered a bag containing 12 individually wrapped pieces of crack cocaine in his right pocket. Whitwell testified that D. L. S. immediately stated that the cocaine was not his; that he had had it for about three weeks; and that it belonged to a boy named Mike.

At the hearing, D. L. S. testified that he had purchased the marijuana for his own use. He also testified, however, that the cocaine had been dropped into his pocket by a 16-year-old friend, with whom he had been walking around the parking lot when the officers arrived. He was unaware that this friend had dropped the cocaine in his pocket because he was wearing very large, baggy pants. The friend testified at the hearing, and he denied placing the cocaine in D. L. S.'s pocket.

"Under the Juvenile Code, 'the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings against adults — proof must be beyond a reasonable doubt. (Cits.)' [Cit.]" *In the Interest of T. S.*, 211 Ga. App. 46, 47 (2) (438 SE2d 159)

(1993). Although D. L. S. denied the cocaine belonged to him, it was found on his person. The evidence was in conflict regarding its ownership. Decisions as to the credibility of witnesses are in the province of the trial court; this Court determines only the sufficiency of the evidence. *Miller v. State*, 208 Ga. App. 547 (1) (430 SE2d 873) (1993). The juvenile court judge, as the trier of fact, was authorized to believe that the cocaine belonged to D. L. S. The evidence was therefore sufficient to support the adjudication of delinquency for possession of cocaine under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

As to the obstruction charge, flight from officers while the officers are engaged in the lawful discharge of their official duties may constitute obstruction. *Okongwu v. State*, 220 Ga. App. 59, 62 (3) (467 SE2d 368) (1996). Evidence of D. L. S.'s flight, in addition to that of his pulling free from Deputy Stewart, was sufficient to support the adjudication of delinquency for obstructing an officer under the same standard.

2. The GBI crime lab report was admitted into evidence pursuant to OCGA § 35-3-16 without calling the laboratory analyst to testify at the hearing. Citing the recent Supreme Court decision in *Miller v. State*, 266 Ga. 850 (472 SE2d 74) (1996), which held OCGA § 35-3-16 to be unconstitutional because it violated criminal defendants' right to confront witnesses against them, D. L. S. contends that the admission of the lab report at his hearing constitutes grounds for reversal.

Had D. L. S. objected at the hearing to the admission of the lab report we could agree. At the hearing, however, D. L. S. specifically and expressly stipulated to its admission. "Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived." (Citations and punctuation omitted.) *Jacobson v. State*, 201 Ga. App. 749, 751 (2) (b) (412 SE2d 859) (1991). D. L. S. therefore waived any objection to the admission of the lab report.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 14, 1997.

*William A. Fears*, for appellant.
*Tommy K. Floyd, District Attorney*, for appellee.

