A98A0891. FIELDS v. THE STATE.
(504 SE2d 777)

Judge Harold R. Banke.

Thomas Fields was convicted of enticing a child and two counts of child molestation. He enumerates three errors on appeal.

The 11-year-old victim lived with his grandmother next door to Fields. At Fields' request, the victim often played at Fields' home, where he was supplied with cake, ice cream and watermelon.

One weekend, while the victim was visiting his mother, she noticed he was having trouble walking. He complained of pain, but refused to let her examine him. Ultimately, he permitted his mother's fiance to inspect the source of the pain, what appeared to be burns on and near his genitals. The mother took the victim to the hospital. The examining physician asked the victim whether he had been with a little girl, and the boy responded in the negative. After testing the victim for venereal disease, the doctor released him.

Later, the victim confided to his mother that Fields had been "messing" with him. The boy testified that Fields "would stick his hands down into my pants" and touch his penis "or down below it" which would hurt "because his fingernails . . . would sort of scratch and stuff like that." This occurred after Fields positioned him on the arm of his chair. The boy testified that Fields did this more than ten times. He also recounted a trip he took during which Fields masturbated himself while driving. On another occasion, after Fields teased

the victim, asking him to prove he was a boy instead of a girl, the boy pulled down his pants "and showed him." At that point, Fields stated to his roommate, "He's a ten-year-old boy and I bet he's got more hair on his d—k than you do." *Held*:

1. Fields alleges that the similar transactions admitted into evidence were not sufficiently similar because they did not involve minor children and were not acts of child molestation by statute at the time they were committed.[1] We disagree.

After a hearing on the admissibility of the similar transaction evidence, the trial court found that the prior acts were similar in that they involved young boys who lived near Fields and all the incidents occurred at Fields' home after he solicited the victims' presence. The first similar transaction occurred in 1969 when Fields asked the 14-year-old victim to help him adjust his television, and once inside, he fondled the boy's penis and then placed it in his mouth. Based on these facts, Fields was convicted of sodomy.

The second similar transaction occurred ten years prior to trial. Fields asked a 14-year-old neighbor to cut his grass, then invited him in, fondled his penis, and orally stimulated it. The victim testified that this happened four or five times.

The rules regarding the admissibility of prior acts have been most liberally extended in the area of sexual offenses, particularly those involving children. *Swift v. State*, 229 Ga. App. 772, 774 (2) (d) (495 SE2d 109) (1997). It is obvious that the prior acts have a logical connection to the offenses charged in that they show a preference to a certain type of victim, bent of mind, and modus operandi. Id. This is sufficient to warrant their admission.

Fields contends that the first similar transaction which occurred 26 years prior to the crime at issue was too remote in time. Because the evidence was overwhelming and the prior act occurred less than 31 years prior to the crimes at issue, we decline to reverse. *Perkins v. State*, 224 Ga. App. 63, 66 (3) (479 SE2d 471) (1996); see *Gibbins v. State*, 229 Ga. App. 896, 899 (4) (495 SE2d 46) (1997) (20 to 29 years is not too remote).

2. Fields maintains that reversal is required due to the admission of irrelevant evidence involving the incident in which the victim, when teased about his gender, voluntarily pulled down his pants. We disagree.

---

[1] Fields' failure to include the transcript from the similar transaction hearing in the record on appeal would preclude our review had the incomplete record not demonstrated the similarity of the prior transactions. *Mullins v. Columbia County*, 202 Ga. App. 148, 150 (413 SE2d 489) (1991) (where a transcript is necessary for review and the appellant omits it from the record, this Court must assume the decision at issue was correct and affirm); see *Smith v. State*, 266 Ga. 687, 688 (470 SE2d 436) (1996); *Miller v. State*, 219 Ga. App. 284 (1) (464 SE2d 860) (1995).

The admission of evidence objected to as irrelevant lies within the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of that discretion. *Holden v. State*, 202 Ga. App. 558, 562 (3) (414 SE2d 910) (1992). The testimony, which was given by the victim and corroborated by Fields' roommate, was related to sexual activity and was relevant to show Fields' bent of mind toward sexual activity and reduced inhibitions in the relationship. In light of this reasoning and the nature of the incident itself, we cannot say the trial court abused its discretion.

3. Notwithstanding Fields' contention that reversal is required due to the victim's lack of credibility and the absence of physical evidence of molestation, we find that, when viewed in the light most favorable to the verdict, the evidence was sufficient to permit the jury to find all the essential elements of those crimes. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The victim testified that Fields touched his genitals on more than ten occasions and masturbated in front of him. OCGA § 16-6-4 (a). The record also showed that the victim satisfied the age requirements of the crime. Id. From this evidence, a jury could find the elements of OCGA § 16-6-4 (a). Notwithstanding Fields' position to the contrary, matters of credibility are for the jury. On appeal, we do not reweigh the evidence. *Obiozor v. State*, 213 Ga. App. 523, 524 (1) (445 SE2d 553) (1994).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JULY 28, 1998.

*Michael A. Corbin*, for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.