## A02A0422. WILLIAMS v. THE STATE.
(566 SE2d 477)

BLACKBURN, Chief Judge.

Following a jury trial, Bobby Williams appeals his conviction for illegally entering an auto, contending that the trial court erred by charging the jury on this crime as a lesser included offense of theft by taking, the only crime for which he was indicted. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, during the early morning hours of October 29, 2000, Williams and several others were involved with stealing two cars and looting their contents. The cars were moved to another location where police responded when notified by a suspicious citizen. At the scene, Williams admitted to police that he entered one of the autos and took speaker wire from it. When he was apprehended, the speaker wire was found in Williams' pocket. Recent unexplained possession is sufficient to support a theft charge. *Brown v. State.*[1] During trial, the mother of one of the other participants testified that her son had told her that Williams had stolen one of the cars involved in the crime. In rebuttal, her son had denied making this statement when he testified.

Williams was indicted for two counts of theft by taking "in that [Williams] . . . did unlawfully take a motor vehicle." The trial court charged the jury, over objection, on entering an automobile as a lesser included offense of theft by taking which was also charged. Williams appeals this instruction.

One crime may be a lesser included offense of another crime as a matter of law or as a matter of fact. OCGA § 16-1-6 provides:

> An accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

There is no question that entering an automobile is not a lesser included offense of theft by taking as a matter of law. OCGA § 16-8-2 provides: "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully

---

[1] *Brown v. State*, 236 Ga. App. 478, 480 (1) (512 SE2d 369) (1999).

appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." In turn, OCGA § 16-8-18 states: "If any person shall enter any automobile or other motor vehicle with the intent to commit a theft or a felony, he shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years, or, in the discretion of the trial judge, as for a misdemeanor." The proof required to establish these crimes may be vastly different. For example, theft by taking does not have to involve an automobile at all. Accordingly, as a matter of law, entering an automobile is not established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of theft by taking.

In this case, on the other hand, entering an automobile is a lesser included crime of theft by taking as a matter of fact.

> [T]he lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well. Thus, whether a lesser offense is included in a greater offense as a matter of fact must be determined on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial.

(Citations, punctuation and emphasis omitted.) *Strickland v. State*.[2]

Here, the facts used to establish the theft by taking charge, namely that Williams entered the auto and stole it, was enough to establish the offense of entering an auto as well. Under both scenarios, the facts adduced at trial would support a finding that Williams entered the auto with the intent to commit a felony therein. Accordingly, the trial court did not err in charging the jury on entering an auto as a lesser included offense of theft by taking under the specific facts of this case.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JUNE 13, 2002 — 

*Benjamin A. Davis, Jr.*, for appellant.

---

[2] *Strickland v. State*, 223 Ga. App. 772, 774 (1) (a) (479 SE2d 125) (1996).

J. Gray Conger, *District Attorney*, Roger H. Anderson, Crawford L. Seals, *Assistant District Attorneys*, for appellee.