## A04A1806. WILLIAMS v. THE STATE.
### (606 SE2d 871)

JOHNSON, Presiding Judge.

This appeal challenges the sufficiency of the evidence supporting a conviction for possessing cocaine and possessing a firearm during the commission of a crime. The challenge is without merit, and we therefore affirm the conviction.

Denaris Williams, Glen Cooper and Anthony Wilson were jointly indicted for felony murder, attempted armed robbery, possession of a firearm during the commission of a crime and possession of cocaine. Williams was also indicted for possession of a firearm by a convicted felon. The three men pled not guilty to the charges, and the trial court ordered that the defendants be tried separately.

Williams' case proceeded to a jury trial. At the start of the trial, the court ordered that the charge of possession of a firearm by a convicted felon be tried after the jury had reached a verdict on the other four charges. The jury subsequently found Williams not guilty of felony murder and attempted armed robbery, but guilty of possession of cocaine and possession of a firearm during the commission of a crime. Thereafter, Williams pled guilty to possession of a firearm by a convicted felon. The court imposed concurrent sentences of eight years for the drug offense and five years for each of the firearm offenses. Williams appeals, challenging the sufficiency of the evidence supporting the jury's verdict finding him guilty of the cocaine and firearm offenses.

On appeal from a criminal conviction, the appellant no longer enjoys the presumption of innocence, and the appellate court reviews the evidence in the light most favorable to the verdict.[1] The appellate court does not weigh the evidence or determine the credibility of witnesses, but determines only if there is sufficient evidence from which a rational trier of fact could have found the appellant guilty beyond a reasonable doubt of the charged offenses.[2]

Viewed in the light most favorable to the verdict, the evidence shows that on May 1, 2001, Williams, Cooper and Wilson drove in a car from the town of Bainbridge to the town of Cairo. In Cairo, they

[1] *Grier v. State*, 262 Ga. App. 777 (586 SE2d 448) (2003).
[2] Id.; *Simmons v. State*, 262 Ga. App. 164 (585 SE2d 93) (2003).

went to the home of Tyrone Thomas, a known drug dealer, in order to buy $100 worth of cocaine. At Thomas' house, Cooper stayed in the car while Williams and Wilson went onto the front porch of the house. Thomas came out of the house and Williams asked for cocaine. Thomas went back into the house, returned with the cocaine and handed it to Williams.

While Williams was examining the cocaine, Wilson pulled a gun out of the waistband of his pants and began shooting at Thomas, striking him in the back with a bullet. Thomas, who also had a gun, began returning fire, and during the gunfire a bullet grazed Williams' elbow. Thomas then ran from the porch and around the side of his house. Williams and Wilson, who still had the cocaine, fled from the house, and Cooper got out of the car and fled from the area on foot.

Williams and Wilson stopped at the end of the block and decided that Williams should retrieve the car. Wilson handed the gun to Williams, who then went back to Thomas' house and got the car. He picked up Wilson at the end of the block and turned on to another street, where he saw Cooper and picked him up. The trio then drove back to Bainbridge and split the cocaine among themselves.

In the meantime, a Cairo police sergeant responded to a report of shots having been fired, and at the scene he found Thomas lying face down with a gunshot wound to the left side of his back. The sergeant called for emergency medical personnel, who arrived a short time later and declared Thomas dead at the scene. Law enforcement officers searched Thomas' house. In his bedroom, they found seven bags of crack cocaine and $100 on the bed, and they also found $2,730 and more crack cocaine in a bureau beside the bed.

The officers' investigation led them to Williams, Cooper and Wilson. They eventually arrested the three men, and Williams gave both videotaped and handwritten statements in which he admitted that he had gotten cocaine from Thomas, that Wilson had given him the handgun after the shooting, that he had retrieved the car and driven away from the scene, and that he had split the cocaine with Cooper and Wilson.

1. Williams claims that his conviction for cocaine possession must be reversed because the state presented no evidence that the substance he got from Thomas was in fact cocaine. Contrary to Williams' claim, the fact that the state was unable to recover the cocaine that Williams admittedly obtained from Thomas does not mandate a reversal of his drug conviction.

A confession alone, uncorroborated by any other evidence, does not justify a conviction.[3] However, a free and voluntary confession of

---

[3] OCGA § 24-3-53.

guilt by the accused is direct evidence of the highest character and is sufficient to authorize a conviction when corroborated by proof of the corpus delicti.[4] In a drug possession case, the concept of corpus delicti requires that there be proof by the state that the accused possessed the illegal drug; there is, however, no invariable requirement that the drug itself be produced.[5]

In the instant case, Williams confessed that he and the other two men went to Thomas' house for the purpose of buying $100 worth of cocaine, that Thomas came out of his house with the cocaine and gave it to him, and that he later split the cocaine with Cooper and Wilson. Williams' confession that he possessed cocaine was corroborated by proof that $100 was found on Thomas' bed next to several bags of a substance that tested positive for crack cocaine. This constitutes sufficient circumstantial evidence corroborating Williams' confession and supporting the cocaine possession conviction.[6]

2. The count of the indictment charging Williams, Cooper and Wilson with possession of a firearm during the commission of a crime alleged that they possessed a handgun during an attempted armed robbery of Thomas. Williams argues that there is insufficient evidence to support his conviction of this offense because (a) the jury found him not guilty of the attempted armed robbery, and (b) the evidence shows that Wilson handed him the gun after any attempted armed robbery of Thomas had terminated. The arguments are unfounded.

First, the Supreme Court of Georgia has abolished the rule against inconsistent verdicts[7] because an appellate court does not know the reasons for a jury's verdict.[8]

[A]ppellate courts need not invalidate a conviction on a compound offense (such as the offense of possession of a firearm during commission of a crime in the present case) which is logically inconsistent with an acquittal on the predicate or underlying offense (in this case, [attempted armed robbery]) because the appellate court cannot know and should not speculate why a jury acquitted on the predicate offense and convicted on the compound offense. The reason could be an error by the jury in its consideration or it

---

[4] *Goldsby v. State*, 186 Ga. App. 180, 184 (3) (367 SE2d 84) (1988).

[5] *Chancey v. State*, 256 Ga. 415, 421 (1) (A) (c) (349 SE2d 717) (1986).

[6] See id. at 422; *Goldsby*, supra. Compare *Johnson v. State*, 205 Ga. App. 760, 762 (423 SE2d 702) (1992) (no evidence corroborating confession).

[7] *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

[8] *King v. Waters*, 278 Ga. 122, 123 (1) (598 SE2d 476) (2004).

could be mistake, compromise, or lenity, but as a matter of prudence, the conviction on the compound offense should be upheld so long as the evidence will support it.[9]

Since the rule against inconsistent verdicts has been abolished, Williams' reliance on it — by arguing that his acquittal on the underlying offense of attempted armed robbery mandates a reversal of his conviction on the compound offense of possession of a firearm during the commission of a crime — is misplaced and provides no basis for reversing his conviction.[10]

Second, Williams' contention that the criminal enterprise had ended before he gained possession of the gun is also misguided because he need not have had actual possession of the gun in order to be guilty of the offense. A defendant may properly be convicted of the offense of possession of a firearm during the commission of a crime on the ground that he was a party or an aider or abettor to that offense.[11] Here, the evidence shows that Williams was a willing accomplice throughout the entire criminal enterprise, including during the alleged attempted armed robbery. Under these circumstances, there is no basis for us to reverse the conviction.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 12, 2004.

*Robert R. McLendon IV*, for appellant.
*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.

---

[9] Id.
[10] *Milam*, supra.
[11] *Collins v. State*, 229 Ga. App. 210, 211 (1) (b) (493 SE2d 592) (1997).