A05A0469. MORRIS v. THE STATE.
(616 SE2d 829)

ADAMS, Judge.

Following a bench trial, Darryl K. Morris was convicted on one count of burglary and one count of entering an automobile with the intent to commit theft. Morris appeals after the denial of his motion for new trial, and we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that on or about May 12, 2003, a break-in occurred at a warehouse rented by Atlantic Logistic Solutions, a company owned by Victor Boutier, which was in the business of storing and shipping automobiles and household goods overseas. On May 11, Emanuel Omuvwie placed his automobile in the warehouse, to await the arrival of a container for shipping it to Africa. Boutier's customers often stored other items in their car for shipment, and when Omuvwie delivered his car to the warehouse, Boutier observed that it contained a couple of computers. The car was locked and Omuvwie gave Boutier's assistant, Troy Gottel, the keys.

On the morning of May 12, Gottel reported the break-in to Boutier and notified the police. When Boutier arrived at the warehouse, he observed that the driver's door of Omuvwie's car had been damaged at the top. When the door was closed, it left approximately a one-half-inch gap. Boutier also noticed that the computers he had previously seen inside the car were missing.

Officer Walker of the DeKalb County Police Department responded to the report of the burglary. He met Omuvwie, who had come to the warehouse to observe his car being loaded into the container. Omuvwie directed Officer Walker to his car and provided him with a list of missing items. The officer observed pry marks along the car window and determined that these marks indicated the point of access to the car.

Later investigation revealed a possible point of entry for the break-in. The warehouse consisted of a steel frame, with asbestos roofing and metal sheeting for walls. Boutier and Officer Walker each independently observed that the metal sheeting had been loosened at one point along the roof. At the time of the break-in, the warehouse's exterior doors were locked and bolted or were blocked from opening by

shipping containers. Both Boutier and Officer Walker believed that the opening left by the loose metal sheeting would have allowed someone to enter the warehouse.

DeKalb County Detective Craig Medlin investigated the case and discovered a fingerprint on the car, which he identified as belonging to Christopher Bryant, Gottel's cousin. After speaking with Bryant, Detective Medlin went to Morris's home to interview him. The detective informed Morris that he was a suspect in the warehouse burglary and read him his *Miranda* rights. Morris then signed a waiver of rights form. Morris initially denied any involvement in the break-in, but at his girlfriend's urging, Morris admitted that he participated in the crime. He signed a written statement prepared by Detective Medlin in which he admitted that he saw the computers in the car prior to the break-in. Morris said that he later went to the warehouse, climbed up a wall, pushed up a piece of the metal siding and entered the building. He admitted using a crowbar to break into a car and said that he took computers from the car. Morris stated that he removed the computers from the warehouse with the help of a friend and took them to another friend's house. Morris later took police to that house, where he went inside and retrieved some computers.

Morris testified at trial, however, that he worked part-time for Boutier and that Gottel was his brother-in-law. Morris said that from time to time, Boutier would acquire computers and would allow him to take the ones that did not work. He said that Gottel gave him the computers he turned over to police and that he had not broken into the warehouse. He denied telling Detective Medlin that he had participated in the break-in. Although he admitted taking police to his friend's house to retrieve the computers, he said that he had the computers about three months before giving them to police.

In rebuttal, Boutier testified that he had never employed Morris and had never given him permission to enter his warehouse.

1. Morris first contends that the evidence was insufficient to support his convictions. He asserts that with the exception of the statement prepared by Detective Medlin, there was no evidence linking him to the crimes. In particular, he notes that the state never established that the computers he turned over to the police were the computers missing from Omuvwie's automobile.

While a confession, standing alone, is not sufficient to justify a conviction, "a free and voluntary confession of guilt by the accused is direct evidence of the highest character and is sufficient to authorize a conviction when corroborated by proof of the corpus delicti." (Citation and punctuation omitted.) *Williams v. State*, 270 Ga. App. 424, 426 (1) (606 SE2d 871) (2004). See also OCGA § 24-3-53. Moreover, "the corroborating evidence or circumstances need not connect the

defendant definitely with the perpetration of the offense. Corroboration in any material particular satisfies the requirements of the law." (Punctuation and footnote omitted.) *Cummings v. State*, 272 Ga. App. 886, 889 (3) (614 SE2d 121) (2005). It is up to the finder of fact to determine the evidence necessary to corroborate a confession. Id.

Based upon our review of the record, we find that the evidence in this case was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to corroborate Morris's confession and to sustain his convictions. See *Ward v. State*, 242 Ga. App. 246, 247 (1) (529 SE2d 378) (2000). For example, there was evidence to corroborate Morris's statement regarding how he gained entry into both the warehouse and the car.

2. Morris further argues that his conviction for entering an automobile should have merged with his burglary conviction. He notes that both offenses alleged that he committed a break-in with the intent to commit theft. Morris asserts that since the only items taken were the computers from Omuvwie's car, the same evidence was used to establish both crimes.

"The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge." (Citation and punctuation omitted.) *Reeves v. State*, 233 Ga. App. 802, 805 (2) (505 SE2d 540) (1998). In other words, "[i]f the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6." (Footnote omitted.) *Felton v. State*, 270 Ga. App. 449, 452 (2) (606 SE2d 649) (2004).

Here, while the intent to commit the theft of the computers was used to prove both offenses, the state was required to show the unlawful entry into the warehouse to convict Morris of burglary. This fact was not required to obtain a conviction for entry of an automobile under OCGA § 16-8-18. It follows then that the state did not use up all of the evidence that Morris committed one crime in proving the other. See *Felton v. State*, 270 Ga. App. at 452 (2). Morris completed the offense of burglary when he entered the warehouse without authority and with the intent to commit the theft of the computers. OCGA § 16-7-1. The automobile offense occurred when he entered Omuvwie's car with the intent to take the computers. OCGA § 16-8-18; *Hawkins v. State*, 219 Ga. App. 484, 486 (2) (465 SE2d 527) (1995). Because the state had to establish different elements to find Morris guilty of each of these offenses, they do not merge as a matter of law or fact. *Felton v. State*, 270 Ga. App. at 452 (2); *Hawkins v. State*, 219 Ga. App. at 486 (2).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 27, 2005.
Burglary, etc. DeKalb Superior Court. Before Judge Coursey.
*Virginia W. Tinkler*, for appellant.
*Jeffrey H. Brickman, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.