627 S.E.2d 211 (2006)
277 Ga. App. 643
In the Interest of P.M.H., a Child.
No. A05A1704.
Court of Appeals of Georgia.
February 17, 2006.
*212 Talethia R. Weekley, John C. Culp, Waycross, for appellant.
Richard E. Currie, District Attorney, Venita S. McCoy, Assistant District Attorney, for appellee.
BERNES, Judge.
The Juvenile Court of Ware County adjudicated P.M.H. as delinquent, after finding that P.M.H. violated the Georgia Controlled Substances Act by possessing with intent to distribute marijuana and OCGA § 15-11-2(12)(D) by being an unruly child, a runaway. In this appeal, P.M.H. challenges the sufficiency of the evidence as to his drug conviction. He also contends that the State failed to establish the chain of custody of the marijuana and that the detective who conducted the scientific tests identifying the marijuana was not properly qualified. We find no error and affirm.
1. When reviewing the sufficiency of evidence supporting a juvenile court's adjudication, we apply the same standard of review used in criminal cases. See In the Interest of J.A.F., 262 Ga.App. 722, 723-724(2), 586 S.E.2d 381 (2003). We construe the evidence in favor of the court's adjudication and determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged. Id.
So viewed, the evidence shows that P.M.H.'s mother filed a runaway petition with the Waycross Police Department after P.M.H. left home late at night without her permission. Ware County Sheriff Deputy Michael Merritt was dispatched to bring P.M.H. into custody. While escorting P.M.H. toward the back door of the Waycross Police Department, Merritt noticed that P.M.H. "was acting fairly nervous" and "was breathing real hard." As they walked past a government vehicle, Merritt heard something fall to the ground. When he looked back, Merritt saw a clear plastic bag on the ground next to a tire. After placing P.M.H. in the custody of Waycross Sergeant John Lee, Merritt retrieved the bag from where it had fallen. As Lee looked on, Merritt opened the clear plastic bag which Merritt testified held "several dime bags containing a green leafy substance." Merritt turned the bag over to Lee. While searching P.M.H., Lee found several small empty ziplock baggies in P.M.H.'s coat pocket. Lee placed the bag containing the suspected marijuana and the additional ziplock baggies into evidence at the police department, where they remained until they were checked out by the district attorney for use at trial.
The evidence was tested during the course of trial by Detective Joseph Morris, an officer specially trained and certified by the Georgia Bureau of Investigation in testing marijuana. Morris testified that he conducted three scientific tests upon the evidence, a microscopic test, and the Duquenois-Levine Reagent and the KN Reagent Chemical tests, and that all three tests yielded positive results for marijuana. Morris's written report containing his test results was admitted into evidence without an objection.
From this evidence, a rational trier of fact could have found P.M.H. guilty beyond a reasonable doubt of possessing marijuana with intent to distribute. See Jackson v. State, 251 Ga.App. 781, 783(2)(a), 555 S.E.2d 136 (2001); In the Interest of D.L.S., 224 Ga.App. 660(1), 482 S.E.2d 418 (1997).
P.M.H. alleges that the evidence was insufficient because the State failed to tender into evidence the packet containing the suspected contraband and the empty baggies. We disagree. In a drug possession case, the concept of corpus delicti requires the State to prove that the accused possessed the illegal drug; "there is, however, no invariable requirement that the drug itself be produced." (Footnote omitted.) Williams v. State, 270 Ga.App. 424, 426(1), 606 S.E.2d 871 (2004). In other words, the failure to produce the actual illegal drug does not lead ineluctably to the conclusion that there has been no proof of a corpus delicti. See Chancey v. State, 256 Ga. 415, 421(III)(1)(A)(c), 349 S.E.2d 717 (1986). When, as here, the circumstantial evidence suffices to prove the drug offense, the State is not required to tender the illegal drugs. See Williams, 270 Ga.App. at 426(1), 606 S.E.2d 871. Compare Phillips v. Williams, 276 Ga. 691, 692, 583 *213 S.E.2d 4 (2003) (State failed to offer any evidence at trial regarding what happened to the alleged cocaine after it had been taken from defendant upon his arrest).
2. P.M.H. further contends that the State failed to properly establish the chain of custody of the marijuana. P.M.H. waived appellate review of this issue by failing to raise this objection at trial. See Carter v. State, 248 Ga.App. 821, 824(4), 547 S.E.2d 613 (2001); Chesser v. State, 228 Ga.App. 164, 165(1)(a), 491 S.E.2d 213 (1997); In the Interest of D.L.S., 224 Ga.App. at 661(2), 482 S.E.2d 418.
3. Citing Chambers v. State, 260 Ga.App. 48, 50(1), 579 S.E.2d 71 (2003), P.M.H. claims that the State failed to prove scientifically beyond a reasonable doubt that the substance at issue was marijuana. Chambers is inapposite because the suspected marijuana in that case was not submitted to any scientific testing. Id.. In contrast, the substance at issue was subjected to three scientific tests, all of which showed the substance to be marijuana. Although P.M.H. argues that Morris, the person conducting the tests, was not qualified, P.M.H. made no objection to Morris' qualifications at trial. Thus, P.M.H. has waived this issue for appeal. See Mosley v. State, 253 Ga.App. 710, 713(2), 560 S.E.2d 305 (2002). Moreover, P.M.H. cites no authority for his claim that further tests were required. This enumeration is without merit.
Judgment affirmed.
BLACKBURN, P.J., and MILLER, J., concur.