A07A0298. CASANOVA v. THE STATE.
(646 SE2d 754)

MILLER, Judge.

Following a jury trial, Ezequiel Casanova was convicted of trafficking in methamphetamine and possessing methamphetamine with intent to distribute. Casanova appeals, challenging the sufficiency of the evidence supporting his trafficking conviction.[1] He also argues that the trial court erred in admitting certain evidence. For reasons that follow, we affirm.

1. On appeal from his criminal conviction, Casanova no longer enjoys a presumption of innocence, and we review the evidence in the light most favorable to the jury's verdict. See *Williams v. State*, 270 Ga. App. 424 (606 SE2d 871) (2004). We do not weigh the evidence or assess witness credibility, but merely determine whether the jury was authorized to find Casanova guilty beyond a reasonable doubt. Id.

So viewed, the evidence shows that following his arrest for possession with intent to distribute methamphetamine and marijuana, Grady Manus agreed to work with law enforcement to apprehend his supplier. Manus contacted the supplier — "Beto" — and asked him to bring a pound of methamphetamine to a hotel room that was monitored by police. Casanova arrived with Beto, who was carrying a plastic bag. When the men gave Manus the methamphetamine, Manus signaled the police, and officers entered the hotel room.

Police officers discovered 442 grams of methamphetamine inside the plastic bag. Several detectives then questioned Casanova about his involvement in the drug transaction. Casanova told police that he had obtained the methamphetamine from his supplier, whom he identified as a "taxi driver," and planned to pay the supplier $9,000 after the drug deal concluded.

When Beto and Casanova were transported together to jail, officers tape-recorded their conversation in the back of the patrol car. Casanova told Beto that he had given the police information on his supplier, and Beto replied that they were in "deep" trouble. Casanova

---

[1] For purposes of sentencing, the trial court merged Casanova's conviction for possessing methamphetamine with the intent to distribute into the conviction for trafficking in methamphetamine.

also stated that although he had "thought about bringing" his gun, he luckily had left it in his truck. The police subsequently found the gun inside Casanova's vehicle.

"Any person who knowingly sells, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine . . . or any mixture containing . . . methamphetamine . . . commits the felony offense of trafficking in methamphetamine. . . ." OCGA § 16-13-31 (e). On appeal, Casanova argues that because he was merely present at the scene, his conduct does not fall within this statute. We disagree.

Casanova admitted to police that he obtained the methamphetamine from his supplier, evidencing his participation in the drug deal. We recognize that under Georgia law, "[a] confession alone, uncorroborated by any other evidence, shall not justify a conviction." OCGA § 24-3-53. The corroborating evidence, however, need not definitely connect the defendant to the crime. See *Morris v. State*, 274 Ga. App. 41, 42-43 (1) (616 SE2d 829) (2005). "Corroboration in any material particular satisfies the requirements of the law." Id. at 43 (1).

Sufficient corroboration exists here. For example, Manus testified that Casanova appeared to be involved in the deal. The State also offered testimony that a person would not simply "tag along" to a drug transaction involving over 400 grams of methamphetamine. Furthermore, one of the detectives who interviewed Casanova testified that, through his work in prior narcotics investigations, he knew of the "taxi driver" supplier described by Casanova.

Such evidence corroborated Casanova's statements to police, demonstrated his involvement in the transaction, and supported the conclusion that he and Beto possessed and delivered the methamphetamine to Manus. See *Morris*, supra, 274 Ga. App. at 42-43 (1); *Williams*, supra, 270 Ga. App. at 425-426 (1). The evidence further authorized the jury to find that Casanova participated in the drug deal and was, at a minimum, a party to trafficking in methamphetamine. See OCGA § 16-2-20; *Lopez v. State*, 281 Ga. App. 623, 626 (3) (636 SE2d 770) (2006). Accordingly, Casanova's challenge to the sufficiency of the evidence lacks merit. See id.; *Daniels v. State*, 221 Ga. App. 476 (471 SE2d 560) (1996).

2. In a related enumeration of error, Casanova argues that the trial court erred in admitting his uncorroborated statements to police. As found in Division 1, however, the State presented sufficient corroborating evidence, which establishes that this claim of error is without merit.

3. Finally, Casanova asserts that the trial court erred in admitting testimony regarding the gun found in his truck. According to Casanova, this evidence was irrelevant and impugned his character. Again, we disagree.

"The admission of evidence objected to as irrelevant lies within the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of that discretion." *Fields v. State*, 233 Ga. App. 609, 611 (2) (504 SE2d 777) (1998). Testimony showing that Casanova considered bringing the gun to the transaction was relevant to whether Casanova was a participant or merely present at the scene. Such testimony also helped corroborate Casanova's statements to police regarding his involvement. Similarly, evidence that police found the gun in the location described by Casanova corroborated his post-arrest statements to Beto.

Under these circumstances, the evidence was relevant, and the trial court properly found it to be more probative than prejudicial. Accordingly, the trial court did not abuse its discretion in admitting the gun-related evidence. See *Hinton v. State*, 280 Ga. 811, 816 (4) (631 SE2d 365) (2006); *Fields*, supra, 233 Ga. App. at 611 (2); see also *Sweet v. State*, 278 Ga. 320, 325 (7) (602 SE2d 603) (2004) ("Gun ownership and the custom of carrying a gun do not, by themselves, impute bad character.") (citation and punctuation omitted).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MAY 25, 2007.

*Hernan, Taylor & Lee, Jerome D. Lee*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.