A07A2214. NESLEIN v. THE STATE.
(653 SE2d 825)

RUFFIN, Judge.

Ronald Lee Neslein pleaded guilty to theft by taking and entering an automobile with intent to commit theft. The trial court sentenced him to twenty years confinement for theft by taking and imposed a five-year concurrent sentence for entering an automobile.

---

Neslein subsequently moved to set aside the sentences as void. The trial court denied the motion, and Neslein appeals. For reasons that follow, we affirm.

Neslein was charged by accusation with theft by taking motor vehicle parts or components with a value exceeding $100 and entering an automobile with intent to commit theft.[1] During the trial, Neslein decided to plead guilty, and the trial court held a plea hearing, at which it asked the prosecutor to set forth a factual basis for the plea.

Summarizing the facts of the case, the prosecutor asserted that, on July 30, 2005, the owner of a car dealership discovered that various parts had been taken from a Chevrolet Cavalier on the sales lot. Specifically, the two front quarter panels, the hood, the radiator, a tire, the interior dome light, and the radio had been removed. The investigation led the police to Neslein, who had made several incriminating statements to a friend about obtaining parts from the car lot for use on his own Chevrolet Cavalier. With Neslein's consent, officers searched his home and found that several parts matching those taken from the dealership — including the hood, the front quarter panels, the radiator, and the tire — had been installed on his car or were located in his yard.

1. On appeal, Neslein argues that the trial court erred in sentencing him for felony theft by taking, rather than misdemeanor theft by taking, because the State failed to establish that the value of the stolen items exceeded $100. Although value is not an element of the crime, it is relevant to punishment.[2] A person who commits theft by taking generally receives misdemeanor punishment.[3] Under certain circumstances, however, felony punishment is authorized, such as when the property taken constitutes motor vehicle parts or components exceeding $100 in value.[4]

As noted by Neslein, the prosecutor did not state the value of the stolen automobile parts and components at the plea hearing. But the accusation specifically alleged that they were worth more than $100, and Neslein pleaded guilty to this offense. The prosecutor also referenced the felony punishment at the plea hearing, asserting that Neslein's guilty plea should result in one to twenty years confinement.

---

[1] The accusation also charged Neslein with theft by receiving stolen property. Although Neslein pleaded guilty to that offense, the trial court merged it with the theft by taking charge.

[2] See *Sapp v. State*, 222 Ga. App. 415, 419 (5) (474 SE2d 233) (1996).

[3] See OCGA § 16-8-12 (a).

[4] See OCGA § 16-8-12 (a) (5) (A).

"A plea of guilty admits the facts set forth in an accusation or indictment."[5] Moreover, the facts alleged in an accusation or indictment may help establish a factual basis for a guilty plea.[6] Although the State's summary of the offense did not specify the value of the items taken, the prosecutor described those items to the court, and the accusation valued them at greater than $100. Given Neslein's decision to admit the facts alleged in the accusation, as well as the description of the items by the prosecutor and the State's assertion that the crime should result in felony punishment, the trial court was authorized to find a factual basis for felony theft by taking.[7] Accordingly, Neslein's sentence was not void or illegal on this ground.[8]

2. Neslein also argues that the trial court erred in failing to merge his convictions for unlawful entry into an automobile and theft by taking for purposes of sentencing. According to Neslein, because entering an automobile is a lesser included offense of theft by taking, he should not have received separate sentences for each.

The offense of entering an automobile is not included within theft by taking as a matter of law.[9] It may, however, be included as a matter of fact.[10] In determining whether offenses factually merge,

"[t]he key question . . . is whether the different offenses are proven with the same facts. For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge."[11]

Applying this test, we cannot agree with Neslein that the trial court erred in sentencing him separately for the two offenses. Under OCGA § 16-8-18, "[i]f any person shall enter any automobile or other motor vehicle with the intent to commit a theft or a felony, he shall be guilty of a felony." The crime does not require that property actually be taken; it demands only entry with intent to commit theft or a

---

[5] *Wilson v. Reed,* 246 Ga. 743 (1) (272 SE2d 699) (1980).

[6] See *Robertson v. State,* 287 Ga. App. 271 (2) (651 SE2d 198) (2007).

[7] See id.

[8] See *Martin v. State,* 266 Ga. App. 190, 190-191 (1) (596 SE2d 705) (2004). Cf. *Wilson,* supra at 745-746 (2) (trial court erred in imposing a felony sentence for theft by taking where indictment failed to specify the value of the property taken and prosecutor made no showing regarding value at the guilty plea hearing).

[9] See *Williams v. State,* 255 Ga. App. 775, 775-776 (566 SE2d 477) (2002) (noting that the proof required to establish the two crimes "may be vastly different").

[10] See id. at 776.

[11] *Morris v. State,* 274 Ga. App. 41, 43 (2) (616 SE2d 829) (2005).

felony. By pleading guilty, Neslein admitted, as alleged in the accusation, that he entered the car with the requisite intent, satisfying the elements of this offense.

Different facts, particularly the removal of various items from outside and inside the car, support the theft by taking charge.[12] Furthermore, even without evidence that Neslein actually *entered* the car, the State demonstrated that Neslein removed significant property from the car dealership, such as a car hood, quarter panels, and tire, thus proving the elements of theft by taking. Under these circumstances, the State did not need to "use up" all the evidence relating to entry of the automobile in order to prove that Neslein committed theft by taking.[13] Accordingly, the two offenses did not merge, and the trial court properly sentenced Neslein on both offenses.[14]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 5, 2007.

Ronald L. Neslein, *pro se.*
David McDade, *District Attorney, Thomas R. Thompson, Assistant District Attorney, for appellee.*

---

[12] See OCGA § 16-8-2 ("A person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken.").

[13] See *Morris*, supra.

[14] See id.; *Hawkins v. State*, 219 Ga. App. 484, 485-486 (2) (465 SE2d 527) (1995). Cf. *Woods v. State*, 275 Ga. App. 340, 345 (3) (620 SE2d 609) (2005) (offense of entering automobile with intent to commit theft merged into theft by taking charge where facts used to establish theft of computer from victim's vehicle were also used to establish unlawful entry into the vehicle).