**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 26, 2013**

# In the Court of Appeals of Georgia

A12A1700. SOUTHWELL v. THE STATE.

BRANCH, Judge.

On this pro se appeal from the denial of his motion to modify the sentence imposed after he pled guilty to robbery by intimidation and felony theft by taking, Joseph Southwell argues that his prosecution for the two crimes violated the Double Jeopardy Clauses of the U. S. and Georgia Constitutions and that the two crimes should have been merged for sentencing purposes. Southwell also argues that trial counsel was ineffective in failing to raise this objection below. We find no error and affirm.

1. Southwell has raised what is known as a "substantive double jeopardy" attack on his conviction.

"Georgia's statutory bar to successive prosecutions and multiple convictions for the same conduct, OCGA § 16-1-7, is more expansive than the constitutional proscription of double jeopardy." (Citation omitted.) *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002). We therefore limit our inquiry to whether Southwell's sentence is invalid under this more expansive test.

> OCGA § 16-1-7 (a) sets forth the substantive bar of double jeopardy by providing that an accused may be *prosecuted* for each crime that arises from the accused's conduct, but an accused may not be *convicted* of more than one crime, if one crime is included in the other. Thus, Georgia law bars conviction and punishment of all crimes which arise from the same criminal conduct and are as a matter of law or a matter of fact included in the major crime for which the defendant has been convicted.

(Citations omitted; emphasis in original.) Id.

In determining whether one crime is included in the other, Georgia's courts apply the "required evidence" test adopted in *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006): "'[W]here the same act or transaction constitutes a violation of two distinct statutory provisions,'" the proper inquiry under the required evidence test is "'whether each provision requires proof of a fact which the other does not.'" Id. at 215, quoting *Blockburger v. United States*, 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932). Thus "a single act may be an offense against two statutes; and if each

2

statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." (Punctuation and footnote omitted.) *Drinkard*, supra at 215.

The warrant for Southwell's arrest recounted that he had threatened the victim, a store employee, with a knife and that he had taken money from the store's cash register as well as the victim's car keys. The indictment charged that Southwell (1) obtained money from the "immediate presence" of the victim by threatening to stab her in the neck, thus committing robbery by intimidation; and (2) stole her car, thus committing felony theft by taking. Southwell pled guilty to both crimes, and "[a] plea of guilty admits the facts set forth in an accusation or indictment." (Punctuation and footnote omitted.) *Neslein v. State*, 288 Ga. App. 234, 236 (1) (653 SE2d 825) (2007).

Under OCGA § 16-8-41 (a), "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." Because it is accomplished by creating an apprehension of danger on the part of the victim, the crime of robbery by intimidation is a lesser included offense of armed robbery. Id.; *Johnson v. State*,

3

195 Ga. App. 56, 58 (1) (392 SE2d 280) (1990); *Lancaster v. State*, 281 Ga. App. 752, 753 (1) (637 SE2d 131) (2006) (evidence that defendant robbed victim by use of a firearm, which would authorize a conviction for armed robbery, also authorized a conviction for robbery by intimidation). By contrast, under OCGA § 16-8-2, "[a] person commits the offense of theft by taking when he unlawfully takes or . . . unlawfully appropriates any property of another with the intention of depriving him of the property, *regardless of the manner in which the property is taken or appropriated*." (Emphasis supplied.)

Under the facts established only by Southwell's guilty plea to the indictments against him, he obtained the money by intimidation, whereas he obtained a different object, the car, without the use of intimidation. Because he committed two separate crimes, each of which required proof of a fact which the other did not, the trial court did not err when it denied Southwell's motion to modify his sentence. See *Elamin v. State*, 293 Ga. App. 591, 593 (1) (667 SE2d 439) (2008) (where offenses of aggravated assault and robbery by intimidation required different evidence, the former did not merge into the latter).

2. It follows from our holding in Division 1 that Southwell's counsel could not have been ineffective for failing to raise his meritless substantive double jeopardy claim. *Sims v. State*, 281 Ga. 541, 542-543 (2) (640 SE2d 260) (2007).

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*