### 32215. BEASLEY et al. v. THE STATE.

INGRAM, Justice.

The appellants, Freda. Bell Beasley and Ryland Wilson Beasley were convicted of murder in the Effingham Superior Court. They both received sentences of life imprisonment. This appeal follows the denial of their motion for new trial by the trial court. We affirm.

The state presented both direct and circumstantial evidence at the trial and it was legally sufficient to establish the guilt of the appellants. Although neither of the appellants testified at the trial, they gave at least two versions of the events of the homicide to the police which were received in evidence. In their last explanation to the investigating officers, appellants admitted the homicide of the victim but indicated it was necessary to shoot the victim to protect their own lives and their property. The jury fully considered both the inculpatory and exculpatory aspects of their statements and when considered with the other evidence produced by the state, the evidence supports the verdict. See *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976).

Appellants contend the trial court erred in receiving into evidence photographs of the deceased.

"This court has held many times that photographs of the victim of a crime are admissible, where they are relevant on the issues in the case, although they may be inflammatory and prejudicial to the accused." *Edwards v. State,* 233 Ga. 625, 627 (212 SE2d 802) (1975).

The two photographs of the victim which were introduced into evidence by the state showed the various bullet wounds which had been inflicted upon him and therefore were relevant on the issue of the cause of death.

In their last enumeration of error, appellants contend that the trial court erred in refusing to honor the jury's request, made after the trial judge had charged the jury, that taped statements made by the appellants and

introduced into evidence be replayed.

The replaying of these tapes before the jury was a matter within the discretion of the trial court. See *Person v. State,* 235 Ga. 814 (3) (221 SE2d 587) (1976) and cits. However, we need not reach the question of whether the trial judge abused his discretion in refusing to allow the jury to rehear the tapes or whether he abstained from exercising the discretion reposed in him. Appellants' trial counsel offered no objection at trial to this ruling of the trial court and therefore will not be heard to complain of it on appeal. *White v. State,* 231 Ga. 290, 294 (201 SE2d 436) (1973).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 8, 1977 — DECIDED MAY 13, 1977.

*John R. Turner,* for appellants.

*J. Lane Johnston, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.