### 41969. MORRIS v. THE STATE.
(328 SE2d 547)

CLARKE, Justice.

Rhonda Sue Morris was convicted of the murder of Richard Lee Christopher and sentenced to life imprisonment.[1] She appeals her conviction, and we affirm.

Appellant lived with the victim for approximately seven months. Following a serious quarrel she moved out of the house he shared with his parents in Marietta, Georgia, and moved into her mother's house in Blairsville. Christopher began dating another person.

Approximately two weeks before the shooting appellant went to the victim's house to get some of her clothes. The two began a quarrel which culminated with Christopher calling the police and appellant calling narcotic agents.

Appellant took a gun from her stepfather without his knowledge on October 24, 1982, and returned to Marietta. When she went to the victim's neighborhood she offered to sell the gun to a neighbor. He testified that the gun was loaded and that she said of the victim that "if he gave her any _ _ _ _, she'd blow him away or something like that."

On the day of the shooting appellant went to the victim's house where they began to quarrel. They finally went outside and continued to quarrel. Appellant pulled a gun from her purse and shot Christopher. There was testimony that appellant said if she could not have him no one else would.

Appellant's defense was justification. She testified that he had hit her in the past although he had never beaten her and that she was afraid of him. A witness who observed the quarrel in the apartment but not the actual shooting itself testified that Christopher tried to get her to leave the apartment and could not get her to leave.

1. We find that the evidence here was sufficient to meet the stan-

---

[1] The shooting of Richard Christopher occurred October 25, 1982. Appellant was indicted April 7, 1983, and convicted May 13, 1983. A motion for new trial was filed May 26, 1983, and denied November 26, 1984. A notice of appeal was filed in this court December 7, 1984. The transcript was certified January 10, 1985. The case was docketed January 17, 1985, and argued April 8, 1985.

dard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, appellant's first three enumerations of error are without merit.

2. In his fourth enumeration of error appellant complains that the court denied the jury's request that her taped statement be replayed. Whether or not to grant the jury's request to rehear portions of the evidence is within the discretion of the trial judge. *Beasley v. State*, 239 Ga. 49 (235 SE2d 520) (1977); *Byrd v. State*, 237 Ga. 781 (229 SE2d 631) (1976). Further, the statement of appellant was more inculpatory than her testimony at trial, which contained several exculpatory details not present in the taped statement. For these reasons, this enumeration is without merit.

3. Appellant's fifth enumeration concerns the trial court's refusal to allow testimony concerning specific acts of violence by the victim toward others. Testimony concerning the victim's general character for violence and specific types of violence, as well as specific acts of violence perpetrated by the victim against the appellant was allowed.

After a prima facie showing that the victim was assaulting the defendant at the time of the shooting, the general character of the victim for violence is admissible. *Music v. State*, 244 Ga. 832 (262 SE2d 128) (1979); *Henderson v. State*, 234 Ga. 827 (218 SE2d 612) (1975). However, testimony as to a specific act of violence by the victim toward third parties is not admissible. *House v. State*, 252 Ga. 409 (314 SE2d 195) (1984); *Music v. State*, 244 Ga. 832, supra.

Here testimony as to the victim's general character for violence and for specific types of violence, as well as specific acts of violence by victim toward the appellant, was allowed.

4. In her sixth enumeration of error appellant argues that the court erred in not allowing testimony by two witnesses as to the mannerisms of the victim which appellant contends were characteristic of his behavior before the acts of violence. For the same reason that evidence of specific acts of violence toward third parties is not admissible, there was no error in the court's refusing to allow these witnesses to testify as to the victim's mannerisms. The court did allow appellant to testify as to mannerisms of the victim prior to acts of violence towards her. Questions to third parties as to specific mannerisms were not directed toward the general reputation of the victim for violence but were, rather, an attempt to elicit testimony as to specific acts of violence. *Mullins v. State*, 157 Ga. App. 204 (276 SE2d 877) (1981). This enumeration is thus without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 23, 1985.

*Roland R. Castellanos, Robert W. Shurtz,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.