### S94A0679. KING v. THE STATE.
(448 SE2d 362)

THOMPSON, Justice.

Shannan King was convicted of malice murder and felony murder, based on the underlying felony of cruelty to children.[1] The victim, appellant's 15-month-old son, died as a result of a blunt head trauma resulting in a skull fracture.

1. Appellant asserts the general grounds. Viewed in a light most favorable to the verdict, the evidence shows that appellant appeared at her neighbor's door and calmly asked the neighbor to come to her apartment to "check her child." The neighbor accompanied appellant to her apartment where she observed the child lying on his back on a pallet on the living room floor. She also observed a swelling on the child's forehead above his eye and greasy fluid discharging from his nose. When the neighbor inquired about the injury to the child's head, appellant responded that he "fell and bumped his head." The neighbor was unable to detect a pulse or respiration; she telephoned 911. The child was taken by ambulance to a hospital emergency room. He died on the following day.

Appellant testified that the child was well when he awoke on the morning in question and that the only persons present in the apartment that day were herself, her three-year-old son and the victim.

The results of the post mortem examination revealed a four-inch fracture in the thickest area of the skull, and a substantial area of bruising on the left side of the scalp. The injuries had been sustained within the past 24 hours. The medical examiner testified that such injuries could not result from a fall of one or two feet, but would require the force of an unbraced fall onto a concrete surface from a height of at least ten feet. Death was attributed to a blunt head trauma which resulted in swelling and herniation of the brain. The autopsy also showed a previous fracture of the left thigh bone and

---

[1] The child was injured on January 26, 1992 and died the following day. King was indicted on September 1, 1992, tried on July 26-28, 1993, and found guilty as charged. The convictions were merged for sentencing; life imprisonment was imposed for felony murder. A motion for new trial was filed on August 31, 1993 and was denied on December 14, 1993. A notice of appeal was filed on January 11, 1994 and the appeal was docketed in this Court on February 3, 1994. The case was submitted for decision on briefs on March 28, 1994.

that the child suffered from failure to thrive.

The evidence, although circumstantial, was consistent with appellant's guilt and inconsistent with any reasonable hypothesis of innocence. OCGA § 24-4-6. The standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) was satisfied. Accord *Holt v. State*, 247 Ga. 648 (1) (278 SE2d 390) (1981).

2. Appellant contends that the trial court committed reversible error in denying her motion in limine to exclude evidence of prior instances of neglect or abuse of the victim, for the reason that the state failed to provide notice of intent under Uniform Superior Court Rules 31.1 and 31.3.

The evidence sought to be excluded consisted of the testimony of two home health care nurses establishing appellant's neglect of the physical needs of the child on two occasions preceding the child's death. Notwithstanding the denial of appellant's motion in limine, the nurses were not called as witnesses during the state's case-in-chief.

Appellant testified in her own defense and was asked on direct examination to describe how the child had sustained a fracture of his leg two months prior to his death. She testified that he fell from her bed where she left him unattended while she bathed her three-year-old child. Her counsel then elicited testimony that no charges of abuse had resulted from that incident and that she had properly followed the physician's subsequent instructions.

The first nurse testified on rebuttal to observations made during a home visit three days before the child sustained the fatal injuries. The purpose of her visit was to assess the child's condition after having had the cast removed from his leg. She testified without objection that the child had a cold at the time, and when she attempted to discuss his medication, appellant disclosed that she had not obtained the medication prescribed for him.

The second nurse related her findings during a home visit several weeks earlier, while the child was still in a cast. She testified without objection that contrary to medical instructions, appellant had allowed the cast to become saturated with urine. As a result, the child suffered from a severe rash which necessitated removal of the cast prematurely.

Uniform Superior Court Rule 31.3 (E) provides, inter alia: "Nothing in this rule is intended to alter the rules of evidence relating to impeachment of witnesses." Assuming proper objections, the rebuttal evidence was properly admitted to impeach appellant's assertions on direct examination that she properly administered needed medical treatment to the child and was innocent of the charged offenses. The testimony of the two nurses was admissible as rebuttal evidence for impeachment purposes; failure to comply with Rule 31 did not render the evidence inadmissible. Accord *Chezem v. State*, 199 Ga. App. 869

(3) (406 SE2d 522) (1991); *Farmer v. State*, 197 Ga. App. 267 (3) (b) (398 SE2d 235) (1990).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 1994.

*Joe H. Thalgott, Morris S. Robertson, Larsen & Larsen, Celia Larsen,* for appellant.

*Ralph M. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General,* for appellee.

*Judgment affirmed. All the Justices concur.*