A98A2092. RENN v. THE STATE.
(508 SE2d 174)

SMITH, Judge.

A jury found Cary Renn guilty of speeding and driving under the influence. Renn appeals, asserting the trial court committed harmful error when it allowed the State to impeach his testimony through evidence of his prior DUI conviction. Renn also asserts this evidence should not have been admitted because the State failed to provide notice of its intent to introduce similar transaction evidence as required by Uniform Superior Court Rule 31.3. We disagree and affirm.

The evidence shows that Georgia State Patrol Trooper Robert Moody saw Renn driving 80 mph on U.S. Highway 278 at 1:16 a.m. and pulled him over with his blue lights. When Trooper Moody approached Renn's car, he noticed unopened beer in the back seat. Renn rolled down his window, and Trooper Moody detected a strong odor of alcoholic beverages coming from the car. He asked Renn to step out of the car and watched Renn slowly walk to the rear of the car while swaying back and forth. Trooper Moody then asked Renn to perform two field sobriety tests: the horizontal gaze nystagmus and the one-legged stand.

After these tests revealed alcohol impairment, Trooper Moody administered a preliminary breath test to determine if alcohol was present in Renn's system. The first time he put the mouthpiece tube up to Renn's mouth, Renn did not blow, causing the machine to automatically reset itself. On the second attempt, Renn placed his tongue over the tube and blew around its sides. After Renn made a short blow into the tube on the third try, the machine registered positive

for the presence of alcohol.

Renn testified in his own behalf and claimed during direct examination that he did not know how to use the preliminary breath test because Trooper Moody's directions were unclear. The prosecutor elicited the following response from him on cross-examination: "No, he wasn't — well, yeah, I guess you could say he was mean, yeah. I mean in a mean, forcibly manner. It was intimidating to me telling me to get out of my car and opening my door and telling me to walk to the back of his car and before I even knew what was going on. I had never taken those tests. He does these tests all month long. Am I just suppose[d] to know what to do? Am I suppose[d] to know how to do all this stuff?" Renn made this statement after the prosecutor asked him a series of questions about his performance on the one-legged stand test.

After these statements were made by Renn, the trial court allowed the State to question Renn about his previous DUI conviction and admitted a certified copy of the conviction into evidence over the objections of Renn's counsel. During further cross-examination, the State established that Renn had taken a preliminary breath test in connection with his previous DUI charge.

1. We find no merit in Renn's contention that the trial court erred when it allowed the State to impeach his testimony through evidence of his previous DUI conviction. OCGA § 24-9-82 provides: "A witness may be impeached by disproving the facts testified to by him." Renn's testimony that he did not know how to use the preliminary breath test and "that he had never taken those tests" opened the door for the State to impeach him with his previous DUI conviction. *Long v. State*, 185 Ga. App. 277, 278 (1) (363 SE2d 807) (1987). See also *Wadsworth v. State*, 209 Ga. App. 333, 334 (5) (433 SE2d 419) (1993).

2. Since evidence of Renn's prior DUI conviction was admissible to impeach his testimony, the State was not required to notify Renn of its intent to introduce similar transaction evidence under Uniform Superior Court Rule 31.3. A failure to comply with USCR 31.3 does not render impeachment evidence inadmissible. *King v. State*, 264 Ga. 502, 503-504 (448 SE2d 362) (1994); *Chezem v. State*, 199 Ga. App. 869, 871 (406 SE2d 522) (1991); USCR 31.3 (E).

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 19, 1998.

*Thomas J. Ousley*, for appellant.

*Alan A. Cook, District Attorney, Jay M. Jackson, Assistant District Attorney*, for appellee.