## A05A0274. BLAKE v. THE STATE.
### (612 SE2d 33)

MILLER, Judge.

Following a bench trial, Deshawn Blake was convicted of armed robbery, aggravated assault, kidnapping, and possession of a firearm during the commission of certain crimes. On appeal he contends that the evidence was insufficient to sustain his convictions and that the trial court erred in denying his motion for a mistrial when the State placed his character in issue. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Blake entered a Popeye's restaurant while armed with a handgun. He fired a shot into the ceiling and announced that he was robbing the place. He herded the patrons and several employees into a walk-in cooler. He then pointed the gun at the manager and instructed her to open the safe. The manager complied, and Blake stole $1,800 from the safe. Blake directed the manager into the walk-in cooler with the other employees.

Blake bought a bus ticket to Maryland and fled there. Police arrested him in Maryland two months after the robbery.

1. Blake argues that the evidence was insufficient to sustain his convictions. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, eyewitnesses whom Blake forced into the walk-in cooler positively identified him as the robber who fired a shot into the ceiling and stole $1,800 from the safe. Ample evidence supported the convictions. See OCGA §§ 16-5-21 (a) (1); 16-5-40 (a); 16-8-41 (a); 16-11-106 (b).

2. Blake claims that the trial court erred in denying his motion for mistrial after the State placed his character in issue. Specifically, he argues that his character was placed in issue when a police officer

testified that Blake was "picked up on charges" when the police arrested him in Maryland pursuant to a fugitive warrant. We disagree.

The Supreme Court of Georgia has held:

> The flight of the accused, where and when arrested, whether he resisted or not, how he was armed, and all the circumstances attending his arrest, are admissible to be considered by the [trier of fact] for what they are worth. . . . [W]here evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded because it incidentally shows the commission of another crime.

(Citations and punctuation omitted.) *Newman v. State*, 239 Ga. 329, 330 (236 SE2d 673) (1977).

The evidence here was admissible and relevant to the circumstances surrounding Blake's arrest, even if it did incidentally show that Blake had committed another crime. *Newman v. State*, supra. Blake's enumeration is without merit.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 14, 2005.

*Harold W. Wallace III*, for appellant.

*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney*, for appellee.