## S06A0154. SMITH v. THE STATE.
(625 SE2d 766)

CARLEY, Justice.

After a jury trial, Robert Smith was found guilty of malice murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. The trial court entered judgments of conviction and sentenced Smith to life imprisonment for the murder and two consecutive five-year terms for the weapons counts. A motion for new trial was denied, and he appeals.[1]

1. Construed most strongly in support of the verdicts, the evidence shows that Shannon Scheffler, the victim, lived at a certain motel where, in return for some crack cocaine, she rented an additional room for Martavis Dawson, although they had initially quarreled over the exact terms of their agreement. While the victim was in her room using the cocaine, Smith, who was a drug dealer living in the same motel, came in and began to argue with the victim regarding money which she owed him. Several witnesses saw them arguing in other locations as well and were told by the victim that she was afraid of Smith. She later went with him to the woods behind the motel. He returned to his room, acting angry and upset, and retrieved a gun belonging to him. At some point, several witnesses heard shots fired behind the motel. Smith was subsequently observed at Dorothy Ann White's house with an item wrapped in a piece of cloth. The victim's body was later found on a footpath behind the motel. She had been beaten, shot eight times, and killed. Smith's .22 caliber revolver was found wrapped in cloth in Ms. White's yard and was scientifically proved to be the murder weapon.

Smith contends that the wholly circumstantial evidence presented by the State did not place him at the actual scene of the homicide or in possession of the murder weapon and, thus, was not sufficient to eliminate every reasonable hypothesis other than his guilt. See OCGA § 24-4-6. However, testimony at trial showed that Dawson was just outside his motel room when the shots were heard and that neither he nor anyone else at the motel or at Ms. White's house was given Smith's revolver or seen with any other weapon that night. Several witnesses saw Smith at various times before and after the shooting in possession of a gun which looked like the murder

---

[1] The crimes occurred on the night of August 21, 2003, and the grand jury returned an indictment on February 6, 2004. The jury found Smith guilty on November 19, 2004 and, on December 14, 2004, the trial court entered the judgments of conviction and sentences. A motion for new trial was filed on December 20, 2004, amended on August 30, 2005, and denied on September 7, 2005. Smith filed a notice of appeal on September 9, 2005. The case was docketed in this Court on September 23, 2005 and submitted for decision on November 14, 2005.

weapon. Furthermore, Smith frequently stayed at Ms. White's house and was staying there near the time of the murder.

> "It is the jury's role to resolve conflicts in the evidence and determine the credibility of witnesses." [Cit.] . . . "(Q)uestions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law. (Cit.)" [Cit.]

*Allen v. State*, 275 Ga. 64, 66 (1) (561 SE2d 397) (2002). Smith's alternative theories of who may have committed the murder "were presented to and rejected by the jury." *O'Donnell v. State*, 258 Ga. 782, 783 (1) (374 SE2d 729) (1989). The evidence that Smith had both a motive for the crimes and access to the victim and the murder weapon at the relevant times and places authorized the jury to find that he was the perpetrator of the murder. *Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998); *Brown v. State*, 260 Ga. 153, 155 (1) (391 SE2d 108) (1990). Accordingly, the evidence was sufficient to exclude every other reasonable hypothesis and to enable a rational trier of fact to find Smith guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Robbins v. State*, supra; *Brown v. State*, supra; *Murdix v. State*, 250 Ga. 272, 275 (1) (297 SE2d 265) (1982).

2. Smith also contends that the trial court abused its discretion by not allowing the jurors, after beginning deliberations and upon their request, to rehear certain testimony. When the trial court proposed that the request be denied and an appropriate response be given to the jury, defense counsel responded affirmatively. After further proposing an adjournment for the day and asking for any objections, Smith's attorney stated, "That's fine with me, Your Honor."

"Whether or not to grant the jury's request to rehear portions of the evidence is within the discretion of the trial judge. [Cits.]" *Morris v. State*, 254 Ga. 273, 274 (2) (328 SE2d 547) (1985). However, it is unnecessary to reach the question because Smith's "trial counsel offered no objection at trial to this ruling of the trial court and therefore will not be heard to complain of it on appeal. [Cit.]" *Beasley v. State*, 239 Ga. 49, 50 (235 SE2d 520) (1977). See also *Holder v. State*, 242 Ga. App. 479, 482 (6) (529 SE2d 907) (2000); *Magouirk v. State*, 158 Ga. App. 517, 520 (3) (281 SE2d 283) (1981); *Herron v. State*, 155 Ga. App. 791, 795 (7) (272 SE2d 756) (1980). Moreover, we also note that "[i]t has long been the law in Georgia that a judgment will not be

reversed because the trial court declines to aid the jury in recalling the evidence and refuses a request to have certain testimony read back. [Cits.]" *Young v. State*, 246 Ga. App. 651, 653 (2) (541 SE2d 670) (2000). See also *Schley v. State*, 191 Ga. App. 412, 413 (2) (382 SE2d 120) (1989).

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 17, 2006.

*James E. Goad*, for appellant.

*T. Joseph Campbell, District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.