A06A0814. DONALDSON v. THE STATE.
(631 SE2d 443)

JOHNSON, Presiding Judge.

In the aftermath of a night out with friends, Tara Donaldson was charged with three counts of DUI, attempting to elude an officer, and failure to maintain lane. The jury found her guilty of one misdemeanor count of DUI and the two latter counts, and the trial court sentenced her to ten days and probation. On appeal, Donaldson does not challenge the sufficiency of the evidence against her, arguing only that the trial court erred when it admitted evidence of prior license suspensions and when it failed to grant directed verdicts as to the DUI counts on which she was later acquitted. We find no error and affirm.

1. Donaldson first contends that the trial court erred when it allowed the State to introduce evidence of previous driver's license suspensions and insurance cancellations. We disagree.

In general, evidence of a criminal defendant's bad character or prior convictions is not admissible unless he first puts his character in issue.[1] "To open the door to such evidence, a defendant must intentionally elect to place his good character in issue."[2] Once the defendant is found to have intentionally opened the door, the prosecutor may respond with evidence of the defendant's bad character in the form of prior bad acts or other testimony.[3]

> Whether a statement making reference to the defendant's good character is merely inadvertent or manifests a conscious election is a question of fact, determined primarily upon the trial court's assessment of the intent of the accused

---

[1] See OCGA § 24-9-20 (b).
[2] (Citation omitted.) *Stinson v. State*, 221 Ga. App. 758, 759 (1) (472 SE2d 538) (1996).
[3] *Hill v. State*, 243 Ga. App. 124, 127 (3) (532 SE2d 491) (2000).

and his counsel. Such factual and credibility determinations are generally accorded great deference by a reviewing court.[4]

In the course of cross-examining a friend of Donaldson, defense counsel engaged in the following line of questioning:

> Q: As far as dealing with her over the 14 and a half years, could you, in your own words, describe what you have observed of her and her socially in places with other people? Can you tell the jury generally what you observed about Tara when she was dealing with other people?
> A: Well, on a social level?
> Q: Yes. *Did you go to church together?*
> A: Yes, we did.
> Q: Well, *just tell the jury a little bit about her, because they don't know this lady.*
> A: Well, Tara has always . . . been and is a very good friend of mine. She was married for most of the time I've known her. She was married to Archie Donaldson. And *she is a family woman,* has three children and married, and we would do things together as couples, my husband and her and her husband. Her youngest daughter is a friend of my daughter's. We would meet often times and have coffee and those kind of social things. We did know each other in earlier years before I got married. She was still married, and I would do things with her and her husband. And we would socialize together a lot. But just dinner, movies, get-togethers, Valentine's Day. *And she was just a wonderful friend. And she's a professional, a business woman. She's worked as long as I've known her also. And just a very good friend.*

(Emphasis supplied.) Counsel did not interrupt or move to strike any of this response. Shortly afterward, moreover, counsel returned to the subject of Donaldson's church-going:

> Q: Now, insofar as the time that you've known her, *you said you went to church together?*
> A: Yes, sir.
> Q: And when you came in I noticed you said hello to [a man] back there?
> A: Yes, sir. He used to go to our church also. Yes, sir.

---

[4] (Citation omitted.) Id.

(Emphasis supplied.)

Since the only conceivable purpose of these questions was to elicit testimony concerning Donaldson's character, we cannot say that the trial court erred when it held that the State could introduce rebuttal evidence on the same subject.[5] Nor was it necessary for the State to give Donaldson notice of its intent to introduce such evidence under Uniform Superior Court Rule 31.3, since this very rule contemplates the introduction of prior bad acts for purposes of impeachment.[6]

2. Donaldson also argues that the trial court erred when it failed to direct a verdict in her favor concerning counts three and four (DUI drugs and DUI drugs and alcohol). Again, we disagree.

A friend testified that Donaldson told her that she believed she had been drugged on the night of her arrest. A police officer also testified that Donaldson's condition was consistent with that of a person under the influence of certain depressants. Donaldson's primary defense in the case was involuntary intoxication.

If the jury decided to discount Donaldson's involuntary intoxication defense, as they apparently did, then her statement that she felt drugged could be viewed as incriminating. Such statements are admissible as the admission of a party-opponent under OCGA § 24-3-34.[7] Nor is it relevant that Donaldson's statement could be used to show intoxication by either alcohol or drugs, since "[i]t is no valid ground of objection to the admission into evidence of an incriminating statement made by the accused in a criminal case that the language indicated that the accused had committed another offense."[8]

We need not inquire whether a trier of fact choosing not to believe Donaldson's defense of involuntary intoxication could have found her guilty of the drug and drug-and-alcohol DUI charges, however, since this particular jury acquitted Donaldson of both such charges. Even assuming that the evidence was insufficient as to those charges, then, Donaldson has failed to show that she was harmed by the trial court's failure to grant a directed verdict as to them.[9]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

[5] Id. at 127-128 (3) (counsel's cross-examination of defendant's mother concerning defendant's generosity opened door to State's rebuttal character evidence); see also *Campbell v. State*, 221 Ga. App. 105, 105-106 (1) (470 SE2d 503) (1996) (no error in admitting prior traffic violations, since DUI defendant's testimony as to churchgoing put his character in issue).

[6] Uniform Superior Court Rule 31.3 (D); *Renn v. State*, 234 Ga. App. 790, 791 (2) (508 SE2d 174) (1998).

[7] *Stanford v. State*, 272 Ga. 267, 270 (4) (528 SE2d 246) (2000).

[8] (Citations and punctuation omitted.) *Byrd v. State*, 236 Ga. App. 485, 486 (2) (512 SE2d 372) (1999).

[9] See *Hackett v. State*, 272 Ga. App. 196, 197-198 (1) (612 SE2d 54) (2005).

DECIDED MAY 15, 2006 —

*Head, Thomas, Webb & Willis, William C. Head,* for appellant.
*Gregory R. Barton, Solicitor-General,* for appellee.