## A07A1315. DAVIS v. THE STATE.
(651 SE2d 750)

MILLER, Judge.

A jury convicted Scott H. Davis of one count of possession of methamphetamine with intent to distribute; one count of reckless driving; and one count of speeding in a construction zone. On appeal, Davis contends that the trial court erred in denying his motion to suppress; erred in admitting testimony on cross-examination regarding his first offender guilty plea to burglary; erred in denying his request to charge the jury on the defense of equal access; and erred in allowing closing argument upon facts not in evidence. Davis also contends that the evidence is insufficient to support his conviction of the drug count. Discerning no error, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict; the defendant no longer enjoys the presumption of innocence; and we do not weigh the evidence or determine witness credibility. The standard of review is whether, based on the evidence of record, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Byrd v. State*, 251 Ga. App. 83 (1) (553 SE2d 380) (2001).

So viewed, the evidence shows that Sergeant Jason Livie of the Bryan County Sheriff's Department responded to a concerned citizen's report that a tractor-trailer was being driven recklessly on I-16. After making visual contact with the truck, Sergeant Livie followed; clocked the truck traveling 78 mph in a 60 mph construction zone; observed the truck twice fail to maintain lane; and conducted a traffic stop for reckless driving and speeding. Sergeant Livie instructed Davis to get out of the truck, spoke to him for a few minutes, and noticed that Davis was extremely nervous, sweating profusely, and unsteady on his feet. Sergeant Livie had Davis lean against the truck, and, after Davis thereafter repeatedly assured him that he was "fine, just real hot[,]" asked for and received Davis' consent to search the vehicle. In the search that followed, Sergeant Livie seized an upright pill bottle, containing four separate bags of a substance he believed to be methamphetamine, on an open shelf immediately behind the passenger's seat. Davis' arrest followed. After a second officer arrived on the scene, an inventory search of the truck resulted in the seizure of a plastic bag containing additional baggies believed to contain methamphetamine. Subsequent testing of the substances seized was positive for methamphetamine weighing 24.75 grams.

1. Davis contends that the trial court erred in denying his motion to suppress the evidence gathered in the searches of his vehicle,

arguing that his consent to search was involuntary in light of the State's evidence indicating that he had been driving under the influence.

> When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, . . . [the] judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations, punctuation and emphasis omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

While the State introduced evidence indicating that Davis had been driving under the influence, the State's evidence also showed that the arresting officer asked for and got Davis' consent only after Davis convinced him that he was in full possession of his faculties. Given such evidence, the denial of Davis' motion to suppress was not error. *Tate*, supra, 264 Ga. at 54 (1).

2. Davis contends that the trial court erred by allowing the State to impeach his character witnesses with his first offender record for burglary and in one instance doing so by asking the witness "did you know that the defendant had committed a burglary[?]" Initially, we find no error upon the question asked of the witness. "It is not error for the State to ask a character witness on cross-examination if he has heard, or is 'aware,' that [the defendant] had been convicted of certain crimes. [Cits.]" *Eubanks v. State*, 180 Ga. App. 355, 356 (1) (349 SE2d 244) (1986). While the trial court erred in permitting the impeachment of Davis' witnesses by his first offender record (*Matthews v. State*, 268 Ga. 798, 802 (4) (493 SE2d 136) (1997)), it is fundamental that harm as well as error must be shown to warrant reversal. Given that the evidence against Davis was overwhelming (Division 1, supra), it is highly probable that error in allowing impeachment of his witnesses did not contribute to the jury's verdict of guilt. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. Davis claims that the trial court erred by failing to give his requested charge on the doctrine of equal access because it was his sole defense.

Pretermitting whether equal access was Davis' sole defense, "the purpose of an equal access charge is to rebut the permissive presumption of exclusive possession by the owner or driver of a vehicle." *State v. Johnson*, 280 Ga. 511, 512 (630 SE2d 377) (2006). In this case, such presumption did not arise in light of Davis' testimony attributing the presence of contraband in his vehicle to an individual or individuals who had accessed it while he had been away. Since the presumption thus did not arise, the jury was not instructed on any presumption of possession. "[A] charge on equal access is appropriate to counter a jury instruction on presumption of possession, and is not necessary otherwise." Id. at 513; see also *Thompson v. State*, 234 Ga. App. 74, 77 (3) (506 SE2d 201) (1998) ("Equal access is merely a defense available to the accused to whom a presumption of possession flows. Where the State did not show the indicia giving rise to the presumption, that is, ownership or[, as here,] exclusive control of the vehicle, no presumption [arises] and therefore there [is] no triggering of the equal access defense.") (citations and punctuation omitted).

In light of the foregoing, the trial court did not err in denying Davis' request to charge the defense of equal access.

4. Neither is there merit in Davis' claim that the trial court erred by allowing the prosecutor to argue facts not in evidence in his closing argument.

Here, the record shows that in his closing argument the prosecutor argued that it was "amazing[ ]" that Davis had not noticed the pill bottle initially seized by Sergeant Livie still in an *upright* position on an open shelf after driving 1,200 miles with it. Davis timely objected, correctly arguing that no evidence indicated that the pill bottle had been seized in an upright position. Thereafter, upon the prosecutor's inaccurate representation to the contrary, the trial court overruled the objection without rebuking counsel, but sua sponte gave the following curative instruction: "Let me say this ladies and gentlemen; you will recall what the evidence shows. And arguments, as I said earlier, are the arguments of attorneys. And whatever they've stated in the courtroom is not evidence and is not to be considered by you as evidence." The corrective action taken by the trial court was sufficient because, in effect, it instructed the jury to disregard the foregoing argument of the prosecutor. "[W]here the instruction by the court to the jury to disregard the remarks was full, it . . . amount[s] to a rebuke of counsel. [Cits.]" *London v. State*, 142 Ga. App. 426, 427 (1) (236 SE2d 158) (1977).

Even were it otherwise, "[i]f [Davis] was not satisfied with the court's action in response to the improper . . . remark of prosecuting counsel, it was incumbent upon him to renew his objection and motion for [a] mistrial." *Delaney v. State*, 154 Ga. App. 772, 773 (1) (270 SE2d 48) (1980). While Davis later renewed his objection out of

the presence of the jury, he failed to move for a mistrial. Consequently, the instant claim of error was waived in any event. Id.

5. Davis contends that the evidence is insufficient to support his conviction of the drug count, arguing that no evidence was introduced that he knowingly possessed the methamphetamine or, in the alternative, that there was no evidence of his possession with the intent to distribute. Neither argument is persuasive.

(a) It is well settled that "knowledge may be proved by facts and circumstances from which a jury could reasonably infer that a defendant knowingly possessed contraband. [Cits.]" *Fernandez v. State*, 275 Ga. App. 151, 154 (2) (619 SE2d 821) (2005). OCGA § 16-2-6 provides that a jury may find criminal intention "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted."

Here, it is undisputed that Davis was stopped after speeding and driving recklessly in a construction zone; methamphetamine was located in an unmarked pill bottle within arm's reach on an open shelf behind the passenger's seat, in the console of the vehicle along with Davis' personal possessions, and in the bedding area of the vehicle behind a panel having a missing screw; and there were no other passengers in the vehicle. While Davis opined that the contraband had been placed in the vehicle by unknown persons while he had been absent seeking a rebuilt transmission, such testimony merely created a question of fact for the jury. *Smith v. State*, 280 Ga. 161, 162 (1) (625 SE2d 766) (2006) (questions as to the reasonableness of hypotheses generally to be decided by the jury).

This evidence was sufficient to support the jury's verdict that Davis knowingly possessed the methamphetamine concealed in his vehicle. *Jackson*, supra, 443 U. S. 307; *Smith*, supra, 280 Ga. at 162 (1); *Fernandez*, supra, 275 Ga. App. at 155 (2).

(b) While a conviction for possession with intent to distribute may not be sustained upon mere possession (see *Talbot v. State*, 261 Ga. App. 12, 13 (1) (581 SE2d 669) (2003)), such a conviction may be supported upon circumstantial evidence linking "possession to the enterprise of the sale." (Punctuation and footnote omitted.) *Jackson v. State*, 251 Ga. App. 781, 783 (2) (a) (555 SE2d 136) (2001). Division of drugs in small plastic baggies is evidence of intent to distribute. *Copeland v. State*, 273 Ga. App. 850, 854 (2) (616 SE2d 189) (2005). Possession of methamphetamine weighing 24.75 grams is inconsistent with personal use. *Helton v. State*, 271 Ga. App. 272, 275 (b) (609 SE2d 200) (2005). Such indicia of possession with intent to distribute here were in evidence.

Construing the evidence to support the verdict, as we must, we conclude that the State presented sufficient evidence from which the jury could find beyond a reasonable doubt that Davis possessed

methamphetamine with the intent to distribute. See *Helton*, supra, 271 Ga. App. at 274-275 (a), (b).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 15, 2007 —
RECONSIDERATION DENIED SEPTEMBER 11, 2007 —

*Craig T. Pearson*, for appellant.

*Tom Durden, District Attorney, Angel L. Blair, Assistant District Attorney*, for appellee.