A07A1991. THRASHER v. THE STATE.
(657 SE2d 316)

RUFFIN, Judge.

A jury found Sherry Lynn Thrasher guilty of possessing methamphetamine, possessing methamphetamine with intent to distribute, and possessing marijuana. On appeal, Thrasher contends that the trial court erred in admitting evidence of an arrest warrant. She also asserts that the trial court erred in failing to charge the jury on equal access. Finding no such error, we affirm.

Viewed in a light favorable to the jury's verdict,[1] the evidence shows that on October 5, 2005, police went to Thrasher's home to serve an arrest warrant upon her. Although Thrasher was not present when officers initially arrived, she drove up to the residence shortly thereafter. Upon her arrival, Thrasher appeared nervous, and one of the officers asked if she had any contraband on her person. Thrasher reached into her waistband and produced a pouch that contained two bags of marijuana. Because no female officer was present, Thrasher was not searched personally. Officers then searched Thrasher's car and discovered digital scales, a glass pipe, and small baggies.

Thrasher was handcuffed and seated in a chair on the front porch. Two men were seated on the porch approximately four to six

---

[18] See *Bonner,* supra.

[1] See *Casanova v. State,* 285 Ga. App. 554 (1) (646 SE2d 754) (2007).

feet away from her. According to the officer standing watch over Thrasher, she stood up to approach him, and he heard something fall to the floor. The officer then saw Thrasher attempting to conceal a black canister on the floor, using her feet. The canister contained 2.92 grams of methamphetamine. According to the officer, neither of the two men on the porch made any movement. Based upon this and other evidence, the jury found Thrasher guilty of possessing methamphetamine, possessing methamphetamine with intent to distribute, and possessing marijuana.

1. As a threshold matter, we address a grave deficiency with respect to the State's brief. Court of Appeals Rule 13 requires the State to file a brief in all criminal appeals when it is the appellee in order to assist this Court in reaching its decision.[2] Here, the State has not adequately discharged its duty under Rule 13, as its brief does not contain a *single* citation of authority even for the most basic principle of law. And filing a brief without legal authority is tantamount to filing no brief at all. Under these circumstances, we would be authorized to hold counsel for the State in contempt.[3] Although we decline to hold counsel in contempt at this time, we caution counsel that future violations of our rules will not be treated with such leniency.

2. On appeal, Thrasher contends that the trial court erred in permitting the State to introduce evidence that police were at her house to serve an arrest warrant, arguing that this testimony improperly placed her character into evidence. Although Thrasher objected to the introduction of such evidence, the trial court found that the testimony was necessary to explain why the police were able to detain, handcuff, and search Thrasher. Thus, the trial court admitted the testimony along with a limiting instruction that jurors were not to consider the warrant for any purpose other than to explain the officers' presence at Thrasher's house.

Here, the officers' testimony regarding the arrest warrant was limited to the existence of the warrant and was part of the circumstances surrounding Thrasher's subsequent arrest. "All circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them. Where evidence may incidentally put character in issue or be prejudicial it may be admitted if otherwise relevant."[4] Under the circumstances of this case, we find no error in

---

[2] See, e.g., *Jackson v. State*, 252 Ga. App. 157, n. 2 (555 SE2d 835) (2001).

[3] See id.

[4] *Smith v. State*, 285 Ga. App. 399, 401 (2) (646 SE2d 499) (2007).

the admission of evidence regarding the warrant, which was both relevant and admissible as a circumstance of the arrest.[5]

3. Thrasher also contends that the trial court erred in failing to charge the jury on equal access. As this Court recently reiterated,

[t]he equal access rule entitles a defendant to acquittal where the only evidence of possession is the defendant's ownership or control over the premises, and the defendant can show that others recently had [equal] access to the premises. It is simply a defense available to the accused to whom a presumption of possession flows.[6]

Thus, a trial court should charge on equal access when the State is relying upon a presumption of possession based upon ownership or exclusive control over the premises in order to establish the offense charged.[7] Here, the State was not relying upon Thrasher's ownership or control of the residence in order to prove that the methamphetamine found on the porch belonged to her. Rather, the State presented evidence that the methamphetamine fell to the floor after Thrasher stood up and that she tried to conceal the drugs with her feet.

"A jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law. When any part of the requested charge is confusing, inapt, incorrect, or not authorized by the evidence, denial of the request is proper."[8] Under these circumstances, a charge on equal access was not authorized by the evidence and thus the trial court did not err in declining to instruct the jury on this principle.[9]

*Judgment affirmed. Blackburn, P. J., concurs. Bernes, J., concurs in the judgment only.*

DECIDED JANUARY 30, 2008.

*Stephen F. Lanier*, for appellant.
*Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney*, for appellee.

---

[5] See id.; *Blake v. State*, 272 Ga. App. 181 (2) (612 SE2d 33) (2005); *Peeples v. State*, 234 Ga. App. 454, 457-458 (4) (507 SE2d 197) (1998).

[6] (Punctuation and footnote omitted.) *Jackson v. State*, 271 Ga. App. 278, 283 (3) (609 SE2d 207) (2005).

[7] See *Davis v. State*, 287 Ga. App. 478, 480 (3) (651 SE2d 750) (2007).

[8] (Punctuation omitted.) *Cody v. State*, 275 Ga. App. 140, 141 (2) (619 SE2d 811) (2005).

[9] See id.; *Davis*, supra.