## A08A0824. LEMON v. THE STATE.
### (667 SE2d 654)

SMITH, Presiding Judge.

A jury found Glenn Carl Lemon guilty of involuntary manslaughter in connection with the death of his girlfriend, Annette Wooten.[1] Lemon appeals, challenging the sufficiency of the evidence. For reasons that follow, we affirm.

In reviewing Lemon's challenge, we construe the evidence favorably to the jury's verdict. *McKenzie v. State*, 283 Ga. App. 555 (642 SE2d 187) (2007). We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the jury was authorized to find Lemon guilty beyond a reasonable doubt. Id. at 555-556.

So viewed, the evidence shows that on April 26, 2003, Lemon called 911 to report that Wooten was unconscious in their home. Lemon met the responding officers and directed them to Wooten, who was on the floor, unresponsive. Paramedics attempted to revive Wooten, then took her to the hospital. She never regained consciousness and was declared brain dead a few days later.

When she arrived at the hospital, Wooten had a bruise on her neck, an injury consistent with strangulation. An autopsy further showed hemorrhaging in her neck and left eye, findings also associated with strangulation. The medical examiner ultimately determined that strangulation caused Wooten's death.

Upon questioning by police, Lemon reported that he and Wooten

---

[11] See *Voils v. State*, 266 Ga. App. 738, 742 (2) (598 SE2d 33) (2004).

[1] Lemon was originally indicted for murder, felony murder, and aggravated assault, but the jury found him guilty only of involuntary manslaughter as a lesser included offense of felony murder.

had been arguing on the night of the incident. During the argument, Wooten attacked him, scratching his face, and he placed her in a "headlock" as a "defense mechanism." Lemon demonstrated the headlock to several officers, who determined that he had used a "chokehold" by wrapping his arm around her neck. After one or two minutes, Wooten cried, "you're killing me," became limp, and Lemon released her. She dropped to the floor, unresponsive. According to Lemon, Wooten had used cocaine that night, and a toxicology screen revealed a small amount of cocaine metabolite in her blood.

Based on the evidence, the jury found Lemon guilty of involuntary manslaughter. A person commits involuntary manslaughter "when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony." OCGA § 16-5-3 (a). Here, the jury concluded that Lemon caused Wooten's death while engaging in simple battery. See OCGA § 16-5-23 (a) (simple battery results when a person physically harms another or makes physical contact of an insulting or provoking nature with the person of another).

On appeal, Lemon argues that the evidence was wholly circumstantial and did not eliminate other possibilities, such as that Wooten died from cocaine use, rather than strangulation. To support a conviction based solely on circumstantial evidence, it is true that the proved facts must exclude every "reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. In this case, however, Lemon admitted that he placed Wooten in a "headlock" for one to two minutes by wrapping his arm around her neck, after which she fell to the floor. Such an admission constitutes direct evidence that he choked her. See *White v. State*, 276 Ga. 583, 588 (2) (581 SE2d 18) (2003) (inculpatory statement provided direct evidence that defendant committed murder).

Moreover, even if entirely circumstantial, the evidence supports the jury's verdict. Wooten became unresponsive after Lemon held her in what officers described as a "chokehold." Her treating physician noticed a bruise mark on her neck consistent with strangulation, and an autopsy confirmed neck hemorrhaging. The autopsy also showed eye hemorrhages, another sign of strangulation, and the medical examiner determined that Wooten was strangled to death. Although Lemon offered competing explanations for the physical findings and challenged the medical examiner's conclusion, the jury, not this court, is tasked with resolving evidentiary conflicts. *McKenzie*, supra, 283 Ga. App. at 559. Similarly, the jury determines the reasonableness of alternative hypotheses, and

> where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every rea-

sonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law.

(Citation and footnote omitted.) Id.

Given the evidence presented, particularly Lemon's admission and the medical examiner's findings, the jury was authorized to exclude all other reasonable hypotheses and conclude that Lemon unintentionally caused Wooten's death while committing simple battery. See *King v. State*, 264 Ga. 502, 502-503 (1) (448 SE2d 362) (1994); *Delay v. State*, 213 Ga. App. 199, 199-200 (1) (444 SE2d 140) (1994). Accordingly, the evidence was sufficient to support his conviction for involuntary manslaughter.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 4, 2008.

*David C. Butler*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.