## A08A1416. LEE v. THE STATE.
(670 SE2d 488)

RUFFIN, Presiding Judge.

A Fayette County jury found Andre Lee guilty of two counts of armed robbery, three counts of kidnapping, and one count of possession of a firearm during the commission of a crime. On appeal, Lee's sole contention is that the trial court erroneously allowed the State to impeach his testimony with evidence of his guilty plea under the First Offender Act.[1] We agree that the trial court erred in allowing a certified copy of the plea to be entered into evidence, but affirm the judgment of conviction because it is highly probable that the error did not contribute to the jury's verdict.

The evidence showed that two masked men with guns confronted a Tinseltown Theater manager as she was leaving her office. One of the men put a gun to her back and directed her to open the

---

[1] OCGA § 42-8-60 et seq.

safe, which she did using the "duress" code to signal the theater's security company to call the police. The man then took money from the safe. He also took items from the manager's purse, including her cell phone.

During the course of the robbery, two other theater employees encountered the perpetrators and were bound at gunpoint. When the police arrived, the manager alerted the officers that the men had climbed up into the tiled ceiling. Shortly thereafter, Lee fell from the ceiling, colliding with an officer's shoulder on the way down. Police found a semi-automatic pistol in the ceiling above the safe, and theater employees later found two firearms in a copier machine.

Lee testified in his defense and admitted: that he and his co-defendant drove to the theater on the night of the crime; that he left his identification in the car before entering the theater; that he was shown on the surveillance videotape entering the room where the safe was located; and that he saw the victims tied up and lying on the floor. He agreed that he was alone in a room with two bound victims but did nothing to help them escape. When specifically asked about it, Lee testified that "I'm not denying" that he was the person who fell out of the ceiling.

According to Lee, he went to the theater anticipating "an inside job that would make some easy quick money," but that he and his co-defendant did not discuss an armed robbery beforehand. Lee maintained that he did not carry a gun and that he was only "following the lead. I looked out and that's about it."

During the trial, the prosecutor began his cross-examination of Lee by tendering into evidence over objection a certified copy of Lee's 1997 guilty plea under the First Offender Act. According to the documents, Lee pled guilty to five crimes, including entering an automobile and carrying a concealed weapon, and he was placed on probation. There was no evidence showing that Lee was subsequently adjudicated guilty of these crimes by the court which accepted the plea.

Included with the certified copy of his plea was a memorandum from the Georgia Bureau of Investigation, Georgia Crime Information Center ("GCIC"), stating that the GCIC had changed the record of Lee's first offender treatment to a conviction. But the modification of Lee's first offender status by the GCIC, while authorized by OCGA § 42-8-65,[2] did not amount to a conviction.[3] "Only a court that

---

[2] "The records of the [GCIC] shall be modified, without a court order, to show a conviction in lieu of treatment as a first offender under this article whenever the conviction of a person for another crime during the term of probation is reported to the [GCIC]." OCGA § 42-8-65 (b).

[3] See *Davis v. State*, 273 Ga. 14, 16, n. 1 (537 SE2d 663) (2000); *McKinney v. State*, 240

imposed first offender probation has authority to revoke that status; it is the only legal authority that can formally adjudicate the offender."[4] It follows that Lee was never shown to have been adjudicated guilty of the prior crimes.

As a rule, "unless there is an adjudication of guilt, a witness may not be impeached on general credibility grounds by evidence of a first offender record."[5] The State argues that Lee opened the door to the admission of his first offender record because during his opening statement Lee's counsel told the jury that Lee would testify and admit to having previously pled guilty to a crime in Cobb County, and because Lee introduced evidence of his good character through the testimony of his father. Pretermitting whether in view of the foregoing the prosecutor was allowed to present evidence of Lee's prior bad acts,[6] Lee did not open the door to the admission into evidence of the certified records of a first offender plea for which there was no adjudication of guilt.[7] Accordingly, we conclude that the records of the plea were offered for the impermissible purpose of impeaching Lee's credibility.[8] Furthermore, even if the records of Lee's guilty plea were otherwise admissible, these particular records contained the GCIC memorandum indicating that Lee had been convicted of the prior offenses, although he had not been shown to be so convicted, and referenced his conviction of an unspecified crime. Accordingly, the trial court erred in admitting the records over objection.

We further conclude, however, that it is highly probable that the trial court's error did not contribute to the guilty verdict. "[I]t is fundamental that harm as well as error must be shown to warrant reversal."[9] Even considering Lee's testimony in his defense, the

---

Ga. App. 812, 813 (1) (525 SE2d 395) (1999).

[4] Id.

[5] *Matthews v. State*, 268 Ga. 798, 802 (4) (493 SE2d 136) (1997).

[6] See *Donaldson v. State*, 279 Ga. App. 407 (1) (631 SE2d 443) (2006) (if defendant intentionally elects to place his good character in issue, "the prosecutor may respond with evidence of the defendant's bad character in the form of prior bad acts or other testimony"). Compare, e.g., *Lindsey v. State*, 282 Ga. 447, 449 (2), n. 5 (651 SE2d 66) (2007) (defense counsel's opening statements were not evidence and were insufficient to put defendant's good character in issue).

[7] See, e.g., *Davis v. State*, 269 Ga. 276, 279 (2) (496 SE2d 699) (1998) (even where evidence of a prior act was admissible, "[s]ince the first offender statutory scheme was devised to prevent a first offender who had not had an adjudication of guilt entered being treated as if the offender had been convicted, the first offender's record should not be used if there is no adjudication of guilt"); *Davis v. State*, 287 Ga. App. 478, 479 (2) (651 SE2d 750) (2007) (while it was permissible to allow prosecutor to ask defendant's character witness "did you know that the defendant had committed a burglary?," it was error to allow the witness to be further impeached by the defendant's first offender record for burglary) (punctuation omitted).

[8] See *Matthews*, supra.

[9] *Davis*, supra, 287 Ga. App. at 479 (2).

evidence was overwhelming that Lee was a party to the crimes of which he was convicted.[10]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED NOVEMBER 24, 2008.

*Joseph J. Saia*, for appellant.
*Scott L. Ballard, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.

---

[10] See *Davis*, supra, 269 Ga. at 279 (2); *Matthews*, supra at 803; *Davis*, supra, 287 Ga. App. at 479 (2).
[1] The Biederbecks asserted that they were unable to pay the amount of the bond.