# Court of Appeals
# of the State of Georgia

ATLANTA,  March 18, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1060.  GLENN CARL LEMON v. THE STATE.**

Glenn Carl Lemon was found guilty of involuntary manslaughter, and his conviction was affirmed on appeal.  See *Lemon v. State*, 293 Ga. App. 488 (667 SE2d 654) (2008).  In 2013, Lemon filed a "Motion to Vacate a Void Sentence," arguing that his indictment was flawed and that the trial court lacked jurisdiction to proceed over his trial.  The trial court denied the motion, and Lemon appeals.

While a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, this is true only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  "Motions to vacate a void sentence generally are limited to claims that—even assuming the existence and validity of the conviction for which the sentence was imposed—the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Here, Lemon has not raised a colorable claim that his sentence is void. Rather, he challenges the validity of his conviction.  Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 03/18/2014
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*