**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 16, 2017**

# In the Court of Appeals of Georgia

A17A0278. BOSTIC v. THE STATE.

BARNES, Presiding Judge.

Travis Bostic appeals from the denial of his motion for new trial, following his convictions for voluntary manslaughter, aggravated assault and possession of a firearm by a convicted felon. He was sentenced to thirty-five years, with twenty-two years to be served in confinement. On appeal, Bostic contends that trial counsel was ineffective, that the jury was improperly influenced by a photograph of the deceased victim displayed on a television monitor and shirts worn in the courtroom, and that the jury selection resulting in an all-white jury was unconstitutional. Following our review, we affirm.[1]

---

[1] The State did not file a brief in this appeal. Pursuant to Court of Appeals Rule 23 (b), "[a] brief *shall* be filed by the appellee in all criminal appeals when the State is the appellee[.]" (Emphasis supplied.) Our law is based upon the premise that both sides, not just one party, should present argument and authority to assist the court in reaching a legally correct and just result. In this case, both sides have failed in that regard. Although we do not issue a finding of contempt, we note that the district attorney's failure to adhere to this rule in the future may subject him to a finding of contempt. See *Thrasher v. State*, 289 Ga. App. at 399, 400 (1) (657 SE2d 316) (2008) (State's appellate brief inadequate under this Court's rules, and while no finding of contempt in this case,

On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict. We neither weigh the evidence nor assess the credibility of witnesses, but merely ascertain that the evidence is sufficient to prove each element of the crime beyond a reasonable doubt.

(Citation and punctuation omitted.) *Fuller v. State*, 320 Ga. App. 620 (740 SE2d 346) (2013).

So viewed, the evidence demonstrates that after an early morning shooting at a nightclub that left one victim dead and another with gunshot injuries, Bostic was indicted on charges of malice murder, felony murder, three counts of aggravated assault and possession of a firearm by a convicted felon. After a jury trial, Bostic was found guilty of two counts of voluntary manslaughter as lesser included offenses to the malice murder and felony murder charges, three counts of aggravated assault and possession of a firearm by a convicted felon. Bostic filed a motion for new trial on general grounds, which he later amended to raise claims that trial counsel was ineffective and that a photograph of the victim was improperly displayed during trial and on t-shirts worn in

"we caution counsel that future violations of our rules will not be treated with such leniency.")

2

the courtroom. Following a hearing, the trial court denied Bostic's motion, and this appeal ensued.

1. Bostic first contends that trial counsel was ineffective for failing to adequately explain and preserve his right to present the affirmative defense of self-defense. He maintains that trial counsel's failure to file a notice of an affirmative defense pursuant to OCGA § 17-16-5 barred him from asserting his self-defense claim during the trial. We do not agree.

> To prevail on his claim of ineffective assistance of counsel, Bostic
>
> must show [both] that trial counsel's performance [was deficient in that it] fell below a reasonable standard of conduct and that [it was prejudicial because] there existed a reasonable probability that the outcome of the case would have been different had it not been for counsel's deficient performance. If [Bostic] fails to [prove] either prong of the [two-part] test, this relieves the reviewing court of the need to address the other prong.

(Citations and punctuation omitted.) *Scott v. State*, 290 Ga. 883, 889 (7) (725 SE2d 305) (2012). "The trial court's determination with respect to effective assistance of counsel will be affirmed unless its findings are clearly erroneous." (Citation omitted.) *Johnson v. State*, 287 Ga. 767, 769 (2) (700 SE2d 346) (2010).

Under Georgia law, a defendant is required, upon demand by the State, to provide written notice of his intent to rely upon alibi evidence, and such notice must be provided

no later than ten days prior to trial. OCGA § 17-16-5 (a).[2] Where a defendant fails to provide such notice, a trial court "may order the defendant to permit the discovery or inspection [of the evidence or] interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the defendant from introducing the evidence not disclosed or presenting the witness not disclosed." OCGA § 17-16-6.

Here, although the State filed a notice for demand of alibi defense, Bostic never maintained a defense of alibi. See OCGA § 17-16-5 (a); *Matthews v. State*, 285 Ga. App. 859, 862 (2) (648 SE2d 160) (2007) (alibi is not an affirmative defense.) Instead, his affirmative defense was that he had shot the victims in self-defense, a theory that was advanced by Bostic during his testimony. See *Paul v. State*, 266 Ga. App. 126 (596 SE2d 670) (2004) (self-defense is an affirmative defense). Moreover, the trial court also charged the jury on self-defense, justification, and accident. Thus, Bostic has not

---

[2] Upon written demand by the prosecuting attorney within ten days . . . the defendant shall serve . . . a written notice of the defendant's intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names, addresses, dates of birth, and telephone numbers of the witnesses[.]

OCGA § 17-16-5 (a).

demonstrated, as he now asserts, that he was prejudiced because he was prevented from presenting the affirmative defense of self-defense at trial. See generally *Murray v. State*, 295 Ga. 289, 291 (1) (759 SE2d 525) (2014) (jury entitled to disbelieve affirmative defense of self-defense).

Moreover, although the transcript of the motion for new trial hearing is not included with the record on appeal, in its order denying Bostic's motion for new trial, the trial court found that, based on trial counsel's testimony at the new trial hearing, Bostic initially desired to advance a defense of innocence rather than self-defense, and he desired to do so, in part, because he did not want to testify at trial because of a prior conviction, and changed his mind about testifying at the conclusion of the State's case. The trial court found that, based on the hearing testimony, "[t]rial counsel's choice of [trial] strategy was consistent with [Bostic's] desire and it was a reasonable choice based upon the pretrial assessment." "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001). Accordingly, trial counsel's performance was not deficient in this regard, nor has Bostic demonstrated prejudice.

Bostic also contends that trial counsel failed to sufficiently assert the defense of self-defense "through a series of errors," and did not object to the prosecutions

5

prejudicial statement about his right to remain silent. He does not, however, support either assertion with any argument, citations to the record or legal authority. Accordingly, we deem the arguments abandoned. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned.") *Patterson v. State*, 327 Ga. App. 695, 698 (3) (761 SE2d 101) (2014) (deeming arguments of ineffective assistance abandoned when alleged errors were not "supported with any further argument, citations to the record, or legal authority").

2. Bostic also asserts without argument, citations to the record, or legal authority that the jury was influenced by a photograph of the victim displayed on a television monitor in the courtroom and on shirts worn in the courtroom. We deem these arguments abandoned for appellate review pursuant to Court of Appeals Rule 25 (c) (2). See also *Johnson v. State*, 290 Ga. App. 255, 259 (1) (d) (659 SE2d 638) (2008) (deeming abandoned argument that was unsupported by citation to authority); *Thrasher v. State*, 289 Ga. App. at 399, 400 (1) (657 SE2d 316) (2008) ("filing a brief without legal authority is tantamount to filing no brief at all.")

*Judgment affirmed. McMillian and Mercier, JJ., concur*.